CASE 11—CONSTRUCTION OF WILL—APRIL 19, 1884.

## Leeds v. Shaw's adm'r.

APPEAL FROM OLDHAM CIRCUIT COURT.

A devise of the income of certain stocks "to be paid over every year to the Trustees of Lagrange School District, and by them expended in the education of poor children, or towards the maintenance of a good common school in said district," etc., is not void for uncertainty.

The will having been executed before any statute authorizing the participation of colored children in the benefits of the common school system had been enacted, it is held that the testator had in view and meant the poor white children of the district.

RODMAN & BROWN FOR APPELLANTS.

The will is void for uncertainty.

If the Trustees of Lagrange Common School District be meant they have no power to receive the money. (Sec. 14, art. 1, ch. 18, Gen. Stat.; U. S. Bank v. Norvell, 2 Mar., 104; Buckner v. Cromie, 5 Bush; 3 Mylan & K., 257; 1 Tenn. Red., 260; 21 Eng. Law and Eq., 508; 17 Howard; U. S. S., 389.)

The will is void as against the statute concerning perpetuities.

Where there are two classes of trustees claiming, and there are no means of determining which class is meant, the devise is void for uncertainty (2 Redfield on Wills, 385; 3 East, 172; 2 C. M. and R., 638; 2 Red-

field on Wills, 408, 386; 4 Page, 271; Sess. Act. approved Feb. 23, 1874; Gen. Stat., 852; 17 Howard, 389; 7 Vesey, 86; 3 Redfield on Wills, 497; 2 *Ib.*, 574; U. S. Bank v. Norvell, 2 Mar., 108; Gen. Stat., sec. 1, art. 7., ch. 18.)

CARROLL & CLORE, ROBBINS & McINTYRE, FRENCH & HARWOOD FOR APPELLEES.

The General Statutes, chap. 13, sec. 2, provide that no charity shall be defeated for want of a trustee, or other person in whom the title may vest. It is not material as to whether the Trustees of Lagrange School District shall expend the fund in the direction devised by the testator or not. Some one must do it, and appellants can not be prejudiced thereby.

The devise is not void for uncertainty. (Moore v. Moore, 4 Dana, 358; Cromie v. Louisville Orphans' Home, 3 Bush, 372.) The devise is clearly for the education of poor white children in the Lagrange district. Wherever a devise is intended for colored children it must be so expressed. (Sec. 7 of Act approved February 23, 1884, entitled Common Schools for Colored Children, Gen. Stat., 885.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The second clause of the will of John B. Shaw, deceased, which has been duly admitted to record, is as follows:

"I then will and desire that my executor, hereinafter named, shall sell all my personal estate and collect all my debts, sell and convey my farm, upon which I now live, containing about ninety acres, and any other real estate that I may own at my death, and invest the entire proceeds in United States bonds, or other good interest-paying stocks, and the interest arising from said investment is to be paid over every year to the trustees of the Lagrange school district, and by them expended in the education of poor children and towards the maintenance of a good common school in said district, in such way as said trustees shall think will be best, in order to do the most good to the poor children in said district. I have not appointed an executor in this will,

as I want to confer with some of my friends to see whether they will act, and if I do not hereafter appoint an executor then I want the county court to appoint some good man who will see this will carried out.''

An administrator, with the will annexed, appointed by the Oldham county court, brought this action to settle the estate of the testator, for construction of the will and judgment determining in what stocks the surplus of the estate, after payment of debts, shall be invested, and to whom the annual interest of such investment shall be paid.

To the action E. S. Leeds and others, heirs at law of the testator, D. H. French and others, trustees of the common school district of Lagrange, and Boston Baldock and others, trustees of the Lagrange colored school district, were made defendants.

The lower court having rendered judgment determining that Leeds and others are not entitled, as heirs at law, to any part of the estate of the testator, and sustained a general demurrer to the answer of Baldock and associates, they have respectively appealed ; the first named upon the ground that the clause of the will quoted is void for want of certainty, and the latter claiming to be entitled, for the benefit of the colored children of the school district, to a *pro rata* share of the annual interest arising from the fund set apart by the testator.

In our opinion there is no such want of certainty as to either the nature and objects of the testator's bounty nor as to the persons appointed, or their capacity to execute the trust, as renders the will invalid or ineffectual.

The executor of the will, or there being none, the administrator appointed by the county court of Oldham county, where the testator resided at the time of his death, is empowered to collect the proceeds of the estate devised for the purpose mentioned, and invest them in safe stocks, the interest of which is to be annually paid to the trustee of the Lagrange school district, who are by law constituted a corporation with authority to expend and use the money in the manner and for the purposes mentioned in the will.

But, even if there was no person appointed by the will in whom the title may vest; by section 2, chapter 13, General Statutes, authority is expressly conferred upon the court of equity for Oldham county to uphold the charity by appointing a trustee, or by taking control of the fund or property, and directing its management and settling who are the beneficiaries thereof.

As held by this court in Cromie's heirs vs. Louisville Orphans' Home Society, 3 Bush, 365, the aim of chapter 13 is to make such charities as it enumerates available whenever so defined as to be judicially identified and applied.

That the bounty provided by the testator in the clause of his will quoted is within the provision of the statute, and may be judicially identified and applied, is too manifest to need argument. There can be no reasonable doubt but that the beneficiaries of the charity intended by the testator are children residing within the common school district in which the town of Lagrange is situated, and who are by law entitled to the benefits of the common school system of the State.

We also think it clear that the testator intended the

annual interest on the fund to be paid to the "Trustees of Lagrange school district," established according to law for the education of white children, and to be expended for their benefit alone. At the date of the will, which was in 1873, no provision of law existed for the participation of colored children in the benefits of the common school system of the State, nor was there any common school districts then established for their benefit. By the act of 1874 first authorizing the establishment of common school districts, for the benefit of colored children as well as by the law as it now exists, they are required to be separate and distinct from districts provided for white children. So that there are now two distinct common school districts in which the town of Lagrange is situated, one being for the education of the white and the other of the colored children. But the testator makes provision for the payment of the annual interest to the trustees of only one school district, to be by them expended for the benefit of only one class of beneficiaries. To construe the will, so as to extend the charity to colored children, would require the payment of the annual interest to be made to two distinct sets of trustees for the benefit of two distinct classes of beneficiaries, when from the language used in the will it is obvious the testator contemplated only one set of trustees and one class of beneficiaries, to wit: the white children of the common school district as it existed when the will was made.

Wherefore the judgment is affirmed on the appeal of Leeds, and others claiming to be the heirs at law of the testator, and of Baldock and his associates, trustees.