# SMITH *v.* GARDINER.

## Wills; Trusts and Trustees.

1. Bequests for the benefit of a church and one of its colleges are charitable, and will be sustained unless the language employed renders it impossible for the court to determine the actual intent of the testator.

2. Where a bequest is to the cardinal and archbishop, naming him, of a specified city, for the use and benefit of the Roman Catholic Church, there is no such uncertainty in the designation of a trustee as will defeat the bequest.

3. In the case of a charitable bequest, where the personal action of a particular trustee is not essential, it is immaterial that the trustee is uncertain or incapable of taking, as in equity a trust will not be allowed to fail for want of a proper trustee.

4. The fact that, in making bequests to a cardinal and archbishop of the Roman Catholic Church, for the use and benefit of the church and one of its colleges and one of its specified churches, the testator does not indicate the purpose to which they shall be applied, and there is no one to insist upon the execution of the trust, will not invalidate the bequests. The details of the administration of the trust will be settled by the trustee, under the supervision of a court of equity.

No. 2181.   Submitted January 5, 1911.   Decided March 6, 1911.

HEARING on an appeal by the complaints from a decree of the Supreme Court of the District of Columbia, sitting as a court of equity, construing a will.                *Affirmed.*

The facts are stated in the opinion of the Court.:

*Mr. William E. Ambrose* for the appellants.

*Mr. Benjamin S. Minor, Mr. Hugh B. Rowland,* and *Mr. L. Randolph Mason* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal [by James Smith, Francis Ullmer, James Ullmer, and Nellie Montgomery] from a decree of the supreme court of the District, sustaining certain bequests in the last will and testament of Jane E. Kickham, deceased.

The challenged bequests are found in the 2d, 3d, and 7th paragraphs of the will, and read as follows:

"Second. I give and devise and bequeath to James Gibbons, Cardinal, and Archbishop of Baltimore city, Maryland, all my shares of stock in the Georgetown Gas Light Company, for the use and benefit of the Roman Catholic Church, in his archbishopric.

"Third. I also give and bequeath to said Cardinal Gibbons, $500 for the use and benefit of St. Charles College, in said (Baltimore) Maryland, and near Ellicott's City. Said college belongs to said Roman Catholic Church or denomination."

"Seventh. I give and bequeath to said Cardinal Gibbons, as Archbishop, and to his successors in said office, $500 for the use and benefit of the Roman Catholic Trinity Church in said Georgetown, as formerly called, in said District."

Appellants insist that the above bequests are void on the ground of uncertainty in the designation of the trustee and in the designation of the beneficiary.

These are charitable bequests (*Russell* v. *Allen,* 107 U. S. 163, 27 L. ed. 397, 2 Sup. Ct. Rep. 327), and should be sustained unless the language employed renders it impossible for the court to determine the actual intent of the testatrix.

There is no uncertainty in the designation of the trustee. The first bequest is to "James Gibbons, Cardinal, and Archbishop of Baltimore City, Maryland," and the second and third bequests are to "said Cardinal Gibbons." Indeed, in gifts of this nature, where the personal action of a particular trustee is not essential, it is immaterial that the trustee is uncertain or incapable of taking, "for it is a settled principle in courts of equity that a trust shall never fail for want of a proper trustee." 2 Story, Eq. Jur. sec. 1059; Perry, Tr. sec. 687.

The second ground of objection relates to the bequest "for the use and benefit of the Roman Catholic Church, in his (Archbishop Gibbons's) archbishopric;" the contentions being that there is nothing to indicate the purpose to which this bequest should be applied, and no one to insist upon the execution of the trust.

Since the general purpose of the bequest clearly appears, that is sufficient. "If the founder describes the general nature of the charitable trust, he may leave the details of its administration to be settled by trustees, under the superintendence of a court of chancery." *Russell* v. *Allen,* supra.

In *Tichenor* v. *Brewer,* 98 Ky. 349, 33 S. W. 86, a devise to "the Roman Catholic Bishop of the City of Louisville, to be by him used for the benefit of the Roman Catholic charitable institutions in his diocese," was sustained, the court saying: "Often, in this court, terms more latitudinous and general have been held sufficient designations of the objects of the testatrix's bounty to uphold and substantiate devises." See also: *St. James Orphan Asylum* v. *Shelby,* 60 Neb. 796, 83 Am. St. Rep. 553, 84 N. W. 273, and *Jones* v. *Habersham,* 107 U. S. 174, 27 L. ed. 401, 2 Sup. Ct. Rep. 331.

Testatrix, in the present case, made a bequest for the benefit of St. Charles College in Maryland, and for the benefit of the Roman Catholic Trinity Church of Georgetown, in this District. Desiring that the other bequest, herein involved, should be applied in such a manner as to be of the greatest benefit to her church within the archbishopric named, she intrusted the details of the administration of this trust to a trustee. This was entirely proper, and affords no ground for voiding the bequest.

While it is no objection to the validity of a public charitable trust that the beneficiaries are generally unknown and incapable of dealing with the legal title, the protecting arm of equity being over such beneficiaries (*Beckwith* v. *St. Philip's Parish,* 69 Ga. 564; *Miller* v. *Atkinson,* 63 N. C. 537; *Harrington* v. *Pier,* 105 Wis. 485, 50 L. R. A. 307, 76 Am. St. Rep. 922, 82 N. W. 345), we see no reason in the present case why

the Roman Catholic Church within the jurisdiction named may not, if necessary, assert its right to this bequest. *Beatty v. Kurtz,* 2 Pet. 566, 7 L. ed. 521.

Decree affirmed, with costs.                    *Affirmed.*