### Miller, et al. v. Tatum, et al.

(Decided October 1, 1918.)

Appeal from Jefferson Circuit Court
(Chancery Division No. 1).

1. Wills—Construction—Beneficiaries.—The will of Clifton Tatum provided that a fund of $5,000.00 be created, $500.00 to be spent each year, for a period of ten years, as follows: Three-fifths for preaching the Gospel to the poor in country and destitute places; three-tenths to be given to the church of which testator was a member; remaining one-tenth to be given to foreign missions; held that the testator pointed out the purpose of the several devises and the beneficiaries thereof with reasonable certainty, as contemplated by section 317, Kentucky Statutes, and that all three of the devises are valid.

2. Trusts—Beneficiaries of Charitable Trust.—The beneficiaries of a charitable trust are of necessity uncertain, and the naming of them in general terms is sufficient.

DUFFIN, SAPINSKY and DUFFIN for appellants.

JOSEPH SOLINGER and HENRY PIRTLE for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming in part and reversing in part.

In the will of Clifton Tatum, who died March 6, 1915, a resident of Jefferson county, is this provision:

"Second: I will that my executors set aside the sum of five thousand dollars ($5,000.00) as a fund to be used to help preach the Gospel. This fund, to be created immediately after my death, and of it, five hundred dollars ($500.00) to be spent each year for the purpose named

for a period of ten years, or until the amount is consumed. Of this fund, three-fifths I request shall be sent to the country, and destitute places, that the poor may have the Gospel preached to them. I also request and direct that three-tenths of this fund be given to the Campbell Street Church of Christ, of Louisville, Ky., to aid the church in its local work. I desire, however, that my executors shall know that the said Church of Christ is loyal, and worships God as it is written, and without instrumental music. The remaining one-tenth of this fund I direct shall be given to foreign missions. In this respect I regard Japan as an important field, and if Brother McCaleb is then living and in Japan, regard him as a good and worthy man to invest the money given to this portion of the work to the best advantage, but if in the judgment of my executors, it is best to do otherwise, they have the power to do as their judgment dictates."

It will be observed that the testator set aside the sum of five thousand dollars "as a fund to be used to help preach the Gospel," and then directs somewhat more specifically the expenditure of this fund for the benefit of three distinct classes of beneficiaries, namely: (a) "of this fund, three-fifths I request shall be sent to the country, and destitute places, that the poor may have the Gospel preached to them." (b) "I also request and direct that three-tenths of this fund be given to Campbell Street Church of Christ, of Louisville, Ky., to aid the church in its local work. I desire, however, that my executors shall know that the said Church of Christ is loyal, and worships God as it is written, and without instrumental music." (c) "The remaining one-tenth of this fund I direct shall be given to foreign missions. In this respect I regard Japan as an important field, and if Brother McCaleb is then living and in Japan, regard him as a good and worthy man to invest the money given to this portion of the work to the best advantage, but if in the judgment of my executors, it is best to do otherwise, they have the power to do as their judgment dictates."

The chancellor held the first bequest void for uncertainty and indefiniteness, but upheld the other two provisions, and from that judgment the executors have appealed. As is conceded by counsel for appellants in their brief, there is but little if any room for doubt as to the validity of the bequest to the Campbell Street Church of

Christ, of Louisville, Ky., "to aid the church in its local work," and the bequest for foreign missions, to be expended in Japan by Brother McCaleb, who is identified by the pleadings as J. M. McCaleb, a missionary now living in Japan. Since neither of these provisions is uncertain or indefinite as to the purpose for which the fund is to be expended, where it is to be expended, or in whose behalf, and in addition the testator has named the church of which he was a member, in one instance, and Mr. McCaleb, a missionary whom he knew and trusted, in the other instance, to control and manage such expenditures, there is no question under the authorities hereinafter referred to in sustaining so much of the chancellor's judgment. But we do not think that the authorities sustain the chancellor's conclusion with reference to the first provision of this clause, providing that three-fifths of the fund should be sent to the country and destitute places, to be used in preaching the Gospel to the poor.

Section 317 of the Kentucky Statutes provides, in part, that all devises for charitable purposes shall be valid if the devise shall point out with reasonable certainty the purposes and beneficiaries of the charity. The testator here has designated as the purpose of the charity the preaching of the Gospel, and, as the beneficiaries, the poor in rural and destitute places. In Attorney General v. Wallace's Devisees, 7 B. Monroe, 611, a devise to be applied to the dissemination of the Gospel at home and abroad was held to be valid and not void for uncertainty.

In Crawford's Heirs v. Thomas, &c., 114 Ky. 484, a devise was upheld as pointing out with reasonable certainty the purposes of the charity and the beneficiary thereof, which directed the expenditure of the interest derived from a certain fund in the advancement of the principles of primitive Christianity as taught by the Christian church, by securing an evangelist in Shelby county, or in other sections of the country that the trustee might select. In Thompson v. Brown, 116 Ky. 102, a provision directing the executor to distribute a fund among the poor in his discretion was upheld. In Greer v. Synod, Southern Presbyterian Church, 150 Ky. 155, a bequest was upheld which directed that the interest from a fund should be used each year in employing evangelists for the purpose of "bringing precious souls into God's kingdom —helping struggling churches, and for any other purpose

the Synod sees fit to use it in the mountain districts of Kentucky." In Kasey v. Fidelity Trust Co., &c., 131 Ky. 609, a charitable trust in a will providing that property should be held by a specified trust company as an endowment fund for a specified Bible society, and that the interest on the endowment should be paid to the society to be used "not in paying pre-existing debts of the society, but in distributing Bibles to the destitute of the earth," was held sufficiently certain and definite to meet the requirement of section 317 of the Statutes.

It seems to us quite clear that in the provision under consideration the testator has pointed out the purposes of the charity and the beneficiaries thereof with even more certainty than did the testator in any of the cases above cited, and that under these authorities, and many more of like import that might be cited, the bequest cannot be held to be void upon the ground that it fails to comply with the reasonable certainty, in defining the purposes and objects of the charity, required by section 317, Kentucky Statutes. As it is necessarily uncertain and indeterminate who the ultimate beneficiaries of a charitable trust are to be, they cannot be named or located in advance; and if the class of beneficiaries be named in general language, leaving to the trustee the discretion of selecting the immediate objects of the classes named to be the actual beneficiaries, the trust is sufficiently certain. See Kasey v. Fidelity Trust Co., &c., *supra;* Leak's Heirs v. Leak's Ex'r, 25 Ky. Law Rep. 1703; Crawford's Heirs v. Thomas, Ex'r, *supra;* Thompson's Ex'r v. Brown and others, *supra,* and Perry on Trusts, section 687. This rule was fully recognized in the cases of Spalding v. St. Joseph's Industrial School, 107 Ky. 382; Gerick's Ex'r v. Gerick, 158 Ky. 478, and Simmons' Ex'r v. Hunt, 171 Ky. 397, and we are unable to agree with counsel that any of these cases supports the chancellor's view with reference to this first devise, because in each the gift was simply to "charity" or "charitable purposes," without in any way pointing out the beneficiaries as a class or otherwise, as required by the statute.

Wherefore, the judgment in so far as it holds invalid the devise of three-fifths of the fund directed to be expended in preaching the Gospel to the poor in the country and destitute places is reversed, but otherwise it is affirmed.