# Gill's Executor v. Woman's Club of Louisville, et al.

# Symonds, et al. v. Woman's Club and U. S. Trust Company, Executor.

(Decided November 25, 1924.)

## Appeals from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Wills—Legacy to Woman's Club, to Become Void on Endorsement of Woman Suffrage, Held Not Nullified by Action of Club Taken Before Execution of Will.—Legacy to woman's club, to become void "if the club ever becomes a member of any woman suffrage society or as a club endorses that movement," held not nullified by action of club in instructing delegates to vote for indorsement of woman's suffrage, taken before testatrix executed her will.

2. Charities—Policy of Law is to Encourage Gifts and Devises to Charities.—It is the policy of the law to encourage gifts and devises to charitable institutions.

3. Charities—Charitable Devise Held Not Void for Uncertainty as to Beneficiaries.—Where will directed trustees to pay stated amount annually to certain charity, and to contribute to other named charities annual amounts to be determined by trustees and provided that other similar charitable and educational institutions, if established in the same city, might in trustees' discretion be added to the list, the devise was not void for uncertainty as to beneficiaries, under Kentucky Statutes, section 317.

4. Charities—When Beneficiaries to which Trustee has Discretion to Apportion Income Cease to Exist, Trustee Can Divide Income Between Other Legatees.—Where will gave trustee discretion to determine the proportion of the income to be apportioned to different charities, the legacies did not lapse when certain of the beneficiaries ceased to exist, but trustee has right to divide income between other legatees, according to his discretion, notwithstanding Kentucky Statutes, section 4843.

PERCY N. BOOTH and BOOTH, McDOWELL & CONNER for appellants in Gill case.

A. J. CARROLL for appellees in Gill case.

JOHN L. WOODBURY for appellants in Symonds case.

BOOTH, McDOWELL & CONNER and A. J. CARROLL for appellees in Symonds case.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

These two appeals are prosecuted from the same judgment and upon the same record and involve the con-

struction of two paragraphs of the will of Mary Parker Gill, deceased, said paragraphs reading:

"Also to the Woman's Club of Louisville, Ky., the sum of one thousand dollars ($1,000.00) annually, or as much thereof as the trust company may have an interest on hand—until they shall have received the sum of twenty thousand ($20,000.00) dollars, including sums paid during my lifetime, for which receipts will be found herewith. This provision, however, to be *null* and *void* if the club ever becomes a member of any woman suffrage society *or as a club* endorses that movement.

"All remaining interest, including that which shall revert to the estate upon the fulfillment of the above bequests, after the proper charges of the trust company shall have been paid, shall be a trust fund to be applied by them toward the work and support of the following named charitable or educational institutions, to which the trust company may contribute according to their judgment of worthiness and also in respect to the amount of funds available for the general purpose:

"Associated Charities of Louisville, District Nurse Association, fresh air 'enterprises,' prevention of cruelty to animals, education to prevent blindness, Presbyterian colored mission (for education of poor children), the Newsboys' Home, Home of the Friendless.

"To the Salvation Army fifty dollars ($50.00) in semi-annual installments shall be paid instead of interest on $500.00 Nashville bond now held in trust. Said bond shall then become part of the estate. Should similar charitable or educational institutions be established in Louisville, they may, at the discretion of the trust company, be added to the above list. They shall also have full and discretionary authority to apportion said income among said specifically designated or other kindred institutions as it may deem proper, or to withhold any contribution for such a period of time as may seem best to them.

"In considering the apportionment of this income, it is recommended that several (about four)

of the officials of the leading beneficiaries be called in counsel with the officers of the trust company. . . ."

Miss Gill had been a member of the Woman's Club of Louisville for several years and had paid to it the following sums: $2,000.00 in 1912, $1,000.00 in 1913, $1,000.00 in 1914 and $1,000.00 in 1915. The will was dated January 28, 1915.

It appears that at a meeting of the Woman's Club on May 7, 1913, a question arose as to the endorsement by the club of female suffrage and that this was passed over to the annual meeting on May 21, 1913; that at the annual meeting the question came up for action, and, after a lengthy discussion, the delegates to the federation were by a rising vote instructed to vote for the endorsement of female suffrage, but that no further action on that question has since been taken by the club.

It is contended that the above action constituted an endorsement of the suffrage movement and nullified the bequest. In view of testatrix's strong conviction upon the question of female suffrage, and of her close relation to the club and of the interest she had manifested in it for a number of years before her death, as well as of the personal contact she maintained with the various matters in which she was interested as evinced in other parts of the will, we must presume that she knew of the resolutions of May 21, 1913. As nothing to the contrary appears, her will speaks as of the date of her death, which was five years after the adoption of the resolution. Ky. Statutes, 4839; Campbell v. Hinton, 150 Ky. 546. If she had considered that resolution in effect until rescinded, and had intended for it to nullify her bequest unless rescinded, the reasonable inference is that she would have so stated in the will, and made such action a condition precedent to the gift. She did not do this, but, on the contrary, made a number of cash payments to the club during her lifetime, after May, 1913, one of which was after the will was written, and the present bequest is to continue for many years.

Perhaps she regarded the action of May, 1913, as a closed incident, or perhaps she did not consider that action as final, and thought this provision would deter such final action; but whatever her reasons, there is nothing in the will to indicate that she intended these words to be

retrospective; and construed in the light of all the surroundings, the words, "this provision however to be null and void if the club ever becomes a member of any woman suffrage society, or as a club endorses that movement," evidently refer to future and not to past action on the part of the club, and do not invalidate the gift.

Our attention has not been called to a decision of this court that is in point, but the conclusion reached is supported by Brown v. Severson, 59 Tenn. 331; Livingston v. Gordon, 84 N. Y. 136.

In the second appeal *supra* it is argued that the charitable devises quoted above are void for uncertainty. In this respect it may be said that every form of public charity and benevolence appeals to our better nature, whether the object is in aid of the needy, relief of the sick, spread of the gospel, development of education, or whatever charitable or humane purposes may be sought, and it is the policy of our law to encourage such gifts and devises. True the cypres doctrine has never been adopted in this state to the extent of supplying a beneficiary or purpose, where those objects are not expressed in the instrument, but, on the other hand, if such matters can reasonably be ascertained from the instrument, our courts have not hesitated to give them effect.

Ky. Stats., section 317, provides: "Any devise . . . for any charitable or humane purpose shall be valid if the . . . devise . . . shall point out with reasonably certainty the purposes of the charity, and the beneficiaries thereof. . . . "

It follows the statute of 32 Eliz., as construed by this court, and might be said to be a crystallization of our opinions, as applied to the former statute.

Illustrating this, the following devises have been held insufficient: "For charitable objects . . . in this diocese of Louisville." Spaulding v. St. Joseph's School, 107 Ky. 382. "To any charitable uses so as to do the most good." Coleman v. O'Leary's Exor., 114 Ky. 388. "For the purposes of education or religion." Ibid. "For good and charitable purposes." Gerrick's Exor. v. Gerrick, 158 Ky. 478. "Everything else that I own goes to charity." Simmons, Exor. v. Hunt, 171 Ky. 397.

On the other hand, the following devises have been held sufficient: "Such benevolent objects and purposes

as they (the trustees) may select." Green's Admr. v. Shouse, 5 Rep. 419. "For the use . . . of a public seminary." Curling's Admr. v. Curling's Heirs, 8 Dana 38. "For the benefit of the Roman Catholic charitable institution in his diocese." Tichenor v. Brewer, 98 Ky. 349. "To be . . . distributed to the poor in his (the executor's) discretion." Thompson's Exor. v. Brown, 116 Ky. 102. "To such charitable and benevolent institutions as may appear to be most useful in disseminating the gospel at home and abroad." Atty. Gen. v. Wallace's Devisees, 7 B. M. 611. "A fund for educating some poor orphans of this county, to be selected by the county court who are the guardians of such, and to be confined to such as are not able to educate themselves." Moore's Heirs v. Moore's Devisees, 4 Dana 354.

Applying these principles to the will in question we find that the testatrix names nine institutions that she desires to participate in the income of the trust fund, leaving the amount to be paid each to the discretion of the trustee, except to the Salvation Army, to which she leaves an annuity of $50.00.

There can be no question as to those objects being set out with reasonable certainty and definiteness, according to the rule laid down in the above cases. In addition to the above institutions, however, it is provided: "Should similar charitable or educational institutions be established in Louisville, they may, at the discretion of the trust company, be added to the above list. They shall also have full and discretionary authority to apportion said income among said specifically designated or other kindred institutions as it may deem proper, or to withhold any contribution for such a period of time as may seem best to them." And it is argued that this provision gives to the trustee a power of attorney to make a will for testatrix.

But as to this it will be noted that the devise is limited to established educational or charitable institutions in the city of Louisville and that they must be similar to those enumerated in the will. The trustee is not authorized to choose the purposes or select the beneficiary, as condemned by the statute and the first four cases cited, but its discretion is limited to ascertaining whether or not the recipient of the philanthropy is within the classes enumerated in the will, and the devise thus falls within

the principles approved in the other cases cited. As aptly said in another case: "It has been held that as it is necessarily uncertain and indeterminate who the ultimate beneficiaries of the charitable trust are to be, they cannot be named or selected in advance, and if the class of beneficiaries be named in general language or outlined, leaving to the trustee the discretion to select from the class named as beneficiary the immediate objects of the testator's benefaction, the trust is sufficiently certain." Kratz v. Slaughter's Extrx., 185 Ky. 256; Miller v. Tatum, 181 Ky. 490. In our opinion the trust is sufficiently definite and certain to be enforced and therefore valid.

Finally it is argued that some of the objects named by the testator have ceased to exist, that the devise to them falls within the provisions of section 4843, Ky. Statutes, applying to lapsed legacies, and should revert to the heirs at law as in cases of intestacy. The trouble with this theory is that no specific amount was devised to any of the legatees, the gift being a certain proportion of the income, and the amount of this to be determined by the trustee and its officers. Such legacies do not lapse, but when they cease to exist the trustee continues to divide the income between the other legatees according to its discretion.

The judgment of the chancellor being in accord with these views it is now affirmed on both appeals.