## Lightfoot, Executor, et al. v. Lightfoot.

(Decided February 20, 1925.)

### Appeal from Warren Circuit Court.

1. Wills—Court should Carry Out Will, if Possible, in Manner to Give Effect to Testator's Intent.—Court should carry out will, if possible, in manner to give effect to testator's intent.

2. Charities—Where Class Designated but Immediate Objects Left Indefinite, Trustee or Court May Designate Object Within Class.—Where class is with reasonable certainty designated as beneficiary by charitable bequest, but immediate objects of class left indefinite, trustee, nominated by will or appointed by court, or court itself, may select immediate object to be benefited within general class designated.

3. Charities—Bequest Directed to be Used to "Build" Church Held Properly Devoted to Equipping and Repairing Church Built After Death of Testatrix.—Where testatrix directed that property be sold and proceeds used to build church, but before death of life tenant church of which she was a member erected a new building, held bequest should be given to such church to be devoted to improving and equipping building so erected, rather than to another newly organized church, "build" as used in will meaning more than mere erection of outer walls and including necessary equipment.

4. Charities—That Church was Not Erected Immediately Adjacent to Old Church Referred to in Will, Held Not to Defeat Bequest.—Where will provided for sale of testatrix's property and devotion of proceeds to construction of church, as near an existing old church "as the land can be bought," but construction of church building before death of life tenant became necessary, held fact that such building was not constructed immediately adjacent to

old church did not preclude use of bequest for improvement and equipment of church so built.

GARDNER, OLIVER & DIXON and G. D. MILLIKEN for appellants.

O. P. ROPER for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This appeal involves a construction of paragraph 2 of Martha C. Lightfoot's will, which reads as follows:

"I want my husband, James M. Lightfoot, to have my farm on which we now live until his death, and then I want it sold and the money to be used to build a general Baptist church as near the Old Drake church in Warren county, Kentucky, near Drake postoffice, as the land can be bought."

Martha C. Lightfoot died on August 9, 1904. She had for a number of years been a member of the Old Liberty General Baptist church which at that time was located some three or four miles from the Old Drake church and off the traveled roads. Due to its old and dilapidated condition, services had not been held at the Old Drake church for a number of years prior to this time except when there was a burial in its graveyard. Old Liberty church was also at this time in a very dilapidated condition; its roof leaked, its floors were rotten, and on account of its location, it was hard of access, especially in the winter months. There is evidence in the record to the effect that Mrs. Lightfoot just before her death was anxious to see a new church built and wanted it moved down closer to the Old Drake church so that it would be convenient of access and also be near the burial ground above mentioned. After Mrs. Lightfoot's death, the condition of the Old Liberty church grew steadily worse, so that in 1916 it became absolutely necessary to build a new church. Mrs. Lightfoot's life tenant was then not dead, but the money for the purpose was raised in the congregation and a new edifice was erected on the Trammel road, slightly over two miles away from the Old Drake church, but in the center of the Baptist population of that community.

The life tenant died in January, 1923, and thereupon Reed Lightfoot was appointed administrator with the

will annexed of Mrs. Lightfoot and brought this suit to have the will construed. It appears that just prior to the bringing of this suit, Reed Lightfoot and nine others, most of whom are his relatives by blood or marriage, and most of whom withdrew from the Old Liberty church, organized a new General Baptist church known as Martha's Chapel. Although Reed Lightfoot and some of his colleagues live in Bowling Green, almost 16 miles away from the Old Drake church, they took an option on some land immediately adjacent to this church for the purpose of erecting thereon the proposed Martha's Chapel. They thereupon in this action made claim to the bequest provided for in paragraph 2 of Mrs. Lightfoot's will. The Old Liberty church, which at present is in sad need of painting, a heating plant, a lighting plant, seats, outbuildings and walks, also makes claim to this bequest. The property has been sold pending the action and the amount that will be available for the beneficiary under this will is approximately $1,800.00. It is shown in the record that Martha's Chapel has a bid to build a building similar to the edifice of the Old Liberty church for just short of $1,800.00, although of course this includes no equipment. The lower court ordered the money paid to the Old Liberty church and the trustees of Martha's Chapel have appealed from that judgment.

It is the duty of the court to carry out as best it can the intention of the testatrix as expressed in her will. It is true that by her will Mrs. Lightfoot did not expressly state that her beneficiary should be the Old Liberty church. She had, however, been a member of this church for a number of years and it was the object of her interest, care and affection. She knew at the time she made her will, which was shortly before her death, the condition of the Old Liberty church and that it was apparent that a new church would have to be built soon. Of course, at that time Martha's Chapel was not known to her, and she must have known that the erection of a new Baptist church in opposition to the Old Liberty Baptist church and in such close promixity to it, would not be beneficial to the object of her care and affection nor to Baptist interests generally. In construing bequests to charities we have held that where the class is designated by the will with reasonable certainty but the immediate objects of that class are left indefinite, the trustee nominated by

the will or appointed by the court has the power of selecting the immediate objects to be benefited by the testator's bounty, provided they be within the general class designated by the testator. Miller v. Tatum, 181 Ky. 490, 205 S. W. 557; Obrecht, Exor. v. Pujos, 206 Ky. 751, 268 S. W. 564. And the court itself may without the intervention of a trustee order the payment of a specific bequest to an immediate object within the class of the testator's bounty. In Curling's Admr. v. Curling's Heirs, 8 Dana 38, the devise was "for the use, privilege and benefit of a public seminary." The amount of the bequest in that case was too small to create a public seminary, but there was a public seminary then in existence in the county where the testator lived and died. The court ordered the bequest paid to this seminary. Expressly disclaiming the *cy pres* doctrine, the court said:

"But in this case the testator, by designating a general object of charity, 'a public seminary.' must be understood as intending either a seminary or the seminary of his county, or any seminary which his executors or a court of equity, in the exercise of a sound discretion, should select as best adapted to effect the object of the charity. And upon either of these hypotheses, the testator's purpose, as declared, and circumscribed by himself, may be fulfilled by applying the fund to a specific object without any hazard of perverting his bounty in a manner not contemplated by him and authorized by his will.

"If the property be devised to education, it could not, in our opinion, be judicially diverted to religion, or the relief of the poor or the sick, or to general charity, or to any other object than that designated by the testator. Nor if he shall have dedicated it to a designated college could a court of equity authorize or sanction the application of it to an essentially different institution; because, by doing so, the court might apply the charity to a specific object to which the testator did not intend that it should be applied, and to which he never would have devised it.

"But no such unjudicial latitude of discretion is necessary for applying the charity in this case. And, therefore, according to principles well established as perfectly judicial, we are of the opinion

that the devise created a charitable trust which may be executed according to law, and without violating the will of the testator, or making a will for him. . . . Even if the Trigg seminary could not claim the bounty as a matter of clear and exclusive right, nevertheless, we are of the opinion that the application of the fund to that seminary would effectuate the declared purpose of the testator more certainly and appropriately than any application that could be made of it to any other seminary of learning.''

Applying the rule land down in the above cited cases, we feel that the intention of the testatrix and her wishes will be best carried out and subserved by giving the money in question to the Old Liberty church, as did the lower court. The fact that this church is in a sense built and paid for does not weigh against the conclusion. Although its four walls and roof have been erected, it is in need of paint, seats, lighting and heating equipment, outbuildings and walks. We believe the testatrix in using the word ''built'' in her will meant more than the mere erection of the outer walls of a church; that she meant not only the building but its necessary equipment, such as seats, lights, heating plant and even outbuildings. The further fact that the Old Liberty church is not immediately adjacent to the Old Drake church is also not fatal, because, first, the testatrix merely indicated that the new church should be as near the Old Drake church as practicable, and in the second place, since the development of automobiles and their widespread use, the distance of two miles is practically reduced to nothing.

Therefore, since the application of a bequest for a public charity in those character of cases where the testator has designated a class with reasonable certainty but has not designated the immediate objects within that class, rests within the sound discretion of the trustee or chancellor, we cannot say that there was an abuse of that discretion in this case and for that reason the judgment of the lower court is affirmed.

Judgment affirmed.