## Bush's Executor v. Mackoy et al.

(Decided March 9, 1937.)

THOS. D. TINSLEY and W. H. DYSARD for appellant.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

Mrs. Jennie Moran Bush, deceased, disposed of her household furniture and made a number of bequests of money, amounting to over $16,000. She owned two parcels of real estate in Ashland. One of them was her home, situated on Carter avenue between 15th and 16th streets, worth from $15,000 to $20,000. The other is an unimproved lot on Central avenue, between 14th and 15th streets, worth $1,500 to $2,000. By a holographic codicil testatrix provided:

> "If not sold at my death, I give to H. R. Dysard, my lot on 15 street to be sold by him and given to the needy widows home, childrens home or distributed as he thinks best wherever he thinks needed."

Judge Dysard was named as executor. He brought this suit for a construction of the will and settlement of the estate. The heirs are numerous, but not closely related, and many have been proceeded against as unknown heirs of relatives known to have died. The chancellor held the foregoing bequest invalid because the testatrix owned no lot on 15th street and the bequest was not enforceable under the terms of section

317 of the Statutes, which provide that a charitable gift and trust is valid if it "shall point out, with reasonable certainty, the purposes of the charity and the beneficiaries thereof."

It is the duty of the courts to carry out as best they can the intention of a testator. In endeavoring to ascertain that intention, the real question is, What is meant by what the testator said? rather than what he intended to say. Wickersham v. Wickersham, 174 Ky. 604, 192 S. W. 688; Shields v. Shields, 185 Ky. 249, 214 S. W. 907; McBride v. McBride, 262 Ky. 452, 90 S. W. (2d) 736. In order more intelligently to get at that meaning and give it effect, where there is ambiguity, the court will consider ·the conditions which ·surrounded the testator at the time he executed the will, the amount of his estate, the apparent motives which actuated him in thus expressing himself, and other facts tending to throw light on the language used. Watkins v. Bennett, 170 Ky. 464, 186 S. W. 182; Prather v. Watson's Ex'r, 187 Ky. 709, 220 S. W. 532; Corn v. Roach, 225 Ky. 725, 9 S. W. (2d) 1074; Blessing v. ·Johnston, 249 Ky. 777, 61 S. W. (2d) 635; Tucker v. Tucker, 259 Ky. 361, 82 S. W. (2d) 458. But such con·ditions cannot import into the will any intention not ·expressed therein. Calloway v. Calloway, 171 Ky. 366, 188 S. W. 410, L. R. A. 1917A, 1210. In this connection, where the description of property devised is ambiguous, inaccurate, or indefinite, parol evidence may be received to identify it. Tarr v. Tarr's Ex'r, 259 Ky. ·638, 82 S. W. (2d) 810.

The testatrix owned only two parcels of real estate, her household furnishings, an automobile, and some money in the bank. Although the description of the property devised is "my lot on 15 street," she owned no property abutting on that street. But she owned an improved lot on an intersecting street near 15th and ·a vacant lot on another intersecting street also near 15th street. The value of the first was approximately ·equivalent to the aggregate of her specific monetary bequests. The proceeds of the second were not needed for that purpose. We think it would not be reasonable to say that she intended the proceeds of the improved property of greater value to be used for the bequest to charity, while that which would yield only 10 per ·cent. of the specific bequests of money was intended to

be used in satisfaction of them. Moreover, the term "my lot" is more consonant with the vacant lot than the one improved by a valuable residence. The reference to the possibility of the lot being sold before testatrix' death is worthy of consideration, for an elderly woman usually expects to keep her home rather than to sell it and retain an unimproved city lot. Sometimes recourse may be had to presumptions where the mind is in doubt as to the intention. Ireland v. Cooper, 211 Ky. 323, 277 S. W. 483. It seems to us, therefore, that the vacant lot on Central avenue near 15th street may be identified as that meant in this bequest.

The validity of the disposition presents a more difficult question. The basic interpretation of the provision of our statute of charitable trusts which we have quoted above is that, where the purpose of the charity is made reasonably certain by the instrument creating it, the beneficiaries may be designated as a class only, leaving the particular objects of the generosity within the class to be determined by the trustee appointed to administer the bounty or by the court itself. But where neither class nor object is selected or designated by the testator and it is left to the trustee to make the choice, the bequest fails for want of compliance with the statute and because it is in effect but the delegation of authority to make the will and dispose of the property according to the trustee's purposes rather than the testator's. Lightfoot v. Lightfoot, 207 Ky. 426, 269 S. W. 529; Gooding v. Watson's Trustee, 235 Ky. 562, 31 S. W. (2d) 919; Goode's Adm'r v. Goode, 238 Ky. 620, 38 S. W. (2d) 691; Kentucky Christian Missionary Society v. Moren, 267 Ky. 358, 102 S. W. (2d) 335.

We may quickly eliminate that part of the bequest which provides that Judge Dysard in the alternative might distribute the funds "as he thinks best wherever he thinks needed." That is clearly invalid, Spalding v. St. Joseph's Industrial School, 107 Ky. 382, 54 S. W. 200, 21 Ky. Law Rep. 1107.

There remains a bequest "to the needy widow's home or children's home." Courts look with a favorable eye and have an approving disposition in regarding charitable bequests. This attitude winds far back in our judicial history. Such a gift will be upheld if the bounty can be applied to any single object within the specified class or if it can be done without

violating any rule of law, principle of justice, or dictate of public policy. Kentucky Christian Missionary Society v. Moren, supra. The question here is whether the designation of a home for needy widows or orphans, with no kind of identification, meets the requirement of pointing out the beneficiary with reasonable certainty.

We have a line of cases holding specific bequests for unidentified classes within a designated territory as sufficiently certain for judicial recognition and enforcement. In the early leading case of Moore's Heirs v. Moore's Devisees, 34 Ky. (4 Dana) 354, 29 Am. Dec. 417, under the common law, strengthened or cured by the statute of charitable uses of 43rd Elizabeth (the statute being imported into Kentucky as far as objects are concerned, but not the remedy of the cy-pres doctrine) and administered or enforced by a court of equity, a bequest of a fund for "educating some poor orphans" in Harrison county, to be selected by the county court, was sustained as sufficiently definite.

In Curling's Adm'rs v. Curling's Heirs, 38 Ky. (8 Dana) 38, 33 Am. Dec. 475, the gift was "for the use * * * and benefit of a public seminary." In sustaining the bequest, the court said:

"But, in this case, the testator by designating a general object of charity, ('a public seminary,') must be understood as intending either a seminary or the seminary of his county, or any seminary which his executors or a court of equity, in the exercise of a sound discretion, should select as best adapted to effect the object of the charity. And upon either of these hypotheses, the testator's purpose, as declared, and circumscribed by himself, may be fulfilled by applying the fund to a specific object without any hazard of perverting his bounty in a manner not contemplated by him and authorized by his will."

Of like character are the bequests upheld in Leeds v. Shaw's Adm'r, 82 Ky. 79; Tichenor v. Brewer's Ex'r, 98 Ky. 349, 33 S. W. 86, 17 Ky. Law Rep. 936; Crawford's Heirs v. Thomas, 114 Ky. 484, 54 S. W. 197, 55 S. W. 12, 21 Ky. Law Rep. 1100, 1178; Goode's Adm'r v. Goode, supra; Kentucky Christian Missionary Society v. Moren, supra.

Of more persuasive influence as precedents are

those cases where bequests for a general class of objects with very broad or no territorial delineation or group delimitation, the selection being cast upon the trustee, were sustained as sufficiently certain. Illustrative are: Attorney General v. Wallace's Devisees, 7 B. Mon. 611, where the bequest was "to such charitable and benevolent institutions as may appear to be most useful in disseminating the gospel at home and abroad"; Gill's Ex'r v. Woman's Club of Louisville, 205 Ky. 731, 266 S. W. 378, where the bequest was "to such charitable and benevolent institutions (to certain ones designated) in Louisville"; State Bank & Trust Co. v. Patridge, 198 Ky. 403, 248 S. W. 1056, which was "to assist aged unmarried women, preferably teachers, so that their last days may not be made miserable by extreme poverty"; Obrecht v. Pujos, 206 Ky. 751, 268 S. W. 564, 565, where the bequest was to an abbot of a monastery "to be devoted (as suggested by him at my arrival) exclusively to the reconstruction of monasteries destroyed by the present war and the relief of poor ones"; Owens v. Owens' Ex'r, 236 Ky. 118, 32 S. W. (2d) 731, 732, where an educational fund was created "for worthy American boys and girls, and men and women, white, black, or red (Caucasian, African, or Indian)." See, also, Kinney v. Kinney's Ex'r, 86 Ky. 610, 6 S. W. 593, 9 Ky. Law Rep. 753; Spalding v. St. Joseph's Industrial School, supra; Leak's Heirs v. Leak's Ex'r, 78 S. W. 471, 25 Ky. Law Rep. 1703; Kasey v. Fidelity Trust Co., 131 Ky. 609, 115 S. W. 739; Greer v. Synod, Southern Presbyterian Church, 150 Ky. 155, 150 S. W. 16; Miller v. Tatum, 181 Ky. 490, 205 S. W. 557.

Out of respect for the general charitable purpose, and, as we think, within the judicial latitude of interpretation, we conclude that the objects of the charity are designated in the will with sufficient certainty to be specifically enforced and given effect.

Wherefore, the judgment is reversed.