## DRUKER v. LEVY et al.

Court of Appeals of Kentucky.

Dec. 4, 1953.

Stoll, Keenon & Park, Robert M. Odear, William G. Cox, Lexington, for appellant.

Ben Combs, Lexington, Warning Order Attorney.

William E. Sloan, Lexington, for Orthodox Jewish Home for the aged; Jewish Orthodox Old Folks Home; and The Jewish Hospital of St. Louis.

Benjamin Levy & Henry T. Duncan, Sr., David S. Weil, Henry T. Duncan, J., Lexington, for appellees.

Frank S. Ginocchio, Lexington, for Trustee under the will.

WADDILL, Commissioner.

Sheva Druker is Jennie Simon's niece and sole heir at law who appeals from a declaratory judgment upholding the validity of the fourth clause of the will of Jennie Simon.

The question to be determined on this appeal concerns the validity of the fourth clause of Jennie Simon's will which reads as follows:

"Fourth: I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed, wheresoever situated, of which I may die seized and possessed, including any and all bequests which shall lapse or which for any reason shall fail, to my Executors hereinafter named, to be distributed by them to such Jewish charities and organizations or institutions, as may be selected by Sarah Goldstein, of St. Louis, Missouri, and her son, Elmer, or the survivor, who shall designate their selections in writing. If neither should survive me, then such distribution shall be made according to the best judgment of my Executors. Said distributions shall be completed within two years after my death."

It was stipulated that the Goldsteins have selected three Jewish charities, one a hospital, and two homes for old people, as the recipients of the bequests.

Appellant contends that the devise is void because its language does not require that the persons named in the clause must select a charity as the beneficiary, and further, that the devise is invalid because the language does not point out with reasonable certainty the purposes

of the charity and the beneficiaries thereof, as required by KRS 381.260.

By the language of the will, the trustees are required to make a selection of "Jewish charities and organizations or institutions." The word "and" in this quoted phrase is the key to its correct interpretation. In our opinion this phrase requires the trustees to select one or more institutions or organizations that are also Jewish charities. We think the phrase must be interpreted as reading "Jewish charitable organizations or Jewish charitable institutions." Or as Scott on Trusts states it, "Where the objects are stated conjunctively, it has frequently been held that the testator intended that they should be interpreted conjunctively thus limiting the trustee to purposes which have the characteristics of all the objects stated, and making the trust a charitable trust." Scott on Trusts, Vol. 3, Sec. 398.1, p. 2088. In thus interpreting the phrase we are following the rule universally applied, that charitable trusts are to be liberally construed. Harwood v. Dick, 286 Ky. 423, 150 S.W.2d 704. There is, therefore, no merit to appellant's first contention, since the language of the will did not permit the trustees to appoint a non-charitable object as beneficiary.

As her second contention Sheva Druker asserts that the clause violates KRS 381.260, which provides:

"Except as otherwise provided by statute, every grant, conveyance, devise, gift, appointment and assignment made for any charitable or humane purpose shall be valid if it points out with reasonable certainty the purposes of the charity and the beneficiaries thereof."

In particular, appellant argues that neither the purposes of the charity, nor the beneficiaries, are made reasonably certain by the fourth clause of Jennie Simon's will.

In construing KRS 381.260 this Court has held that where the purposes of the charity are made reasonably certain by the instrument creating it, the beneficiaries need only be designated by class, leaving particular beneficiaries within the class to be determined by the trustee. This is not giving to another the power to make a will for the testator, for the testator has chosen the class of beneficiaries and granted a power to the trustee to select only individual members of the class. Bush's Ex'r v. Mackoy, 267 Ky. 614, 103 S.W.2d 95; Kentucky Christian Missionary Society v. Moren, 267 Ky. 358, 102 S.W.2d 335; Gooding v. Watson's Trustee, 235 Ky. 562, 31 S.W.2d 919.

In the case of Tichenor v. Brewer's Ex'r, 98 Ky. 349, 33 S.W. 86, this Court held valid a bequest "to the Roman Catholic bishop of the city of Louisville, to be by him used for the benefit of the Roman Catholic charitable institutions in his diocese." The only material difference between that bequest and the one under consideration is that the geographical area from which the beneficiaries may be designated is not limited in the case at bar. KRS 381.260 was in effect at the time the Tichenor case was decided, it having existed in its present form since 1893. There is no language used in KRS 381.260 which limits the selection of beneficiaries to a narrow geographical radius.

Appellant cites the case of Spalding v. St. Joseph's Industrial School for Boys, 107 Ky. 382, 54 S.W. 200, 201, in which we struck down the following trust as lacking a definite charitable object:

"* * * I bequeath to my brother, the Most Rev. M. J. Spalding, Archbishop of Baltimore, all my real, personal, and mixed estate, and all [that] I may die seized of, for charitable objects, to be expended for said objects in this diocese of Louisville, according to his discretion; * * *."

This case is distinguishable from the Tichenor case, and from the one here under consideration, in that in the latter two cases the Catholic and Jewish religions, respectively, are definitely stated as the

objects of the charitable trusts. Nothing can be accomplished by a lengthy review of cases. The Spalding case and Gooding v. Watson's Trustee, 235 Ky. 562, 31 S.W. 2d 919, although they each held trusts invalid for uncertainty of purposes, both contain exhaustive analyses of the development of the law on the subject.

 The evident purpose of Jennie Simon's bequest to Jewish charities was to give aid to people of the Jewish faith and culture. With the testator's intent reasonably clear and with the beneficiaries capable of being made definite by the mere act of selection within the class by the trustees, the fourth clause of Jennie Simon's will is not void for lack of certainty.

The judgment is affirmed.