**John C. MORRELL, Administrator with will annexed of the estate of Irma E. Morrell, deceased, et al., Appellants,**

v.

**John C. MORRELL, Appellee.**

Court of Appeals of Kentucky.

June 21, 1957.

George Raymond Drew, Cincinnati, Ohio, Lorimer W. Scott, Newport, for appellants.

George Raymond Drew, Cincinnati, Ohio, for appellee.

CULLEN, Commissioner.

The appeal is from a judgment holding invalid, because too indefinite to be given effect, an attempted bequest in the will of Irma Morrell. Suit to construe the will was brought by John C. Morrell, principal legatee, against himself as administrator with the will annexed and against the persons to whom he had contracted to sell certain real estate which had belonged to the decedent. All of the defendants have appealed, but the only brief filed is by John C. Morrell as administrator.

Mrs. Morrell's will left her entire estate to John, her son, "with the following exceptions, $500. to tabernacle Society and $500. a piece to the lepers in the Catholic and Angelican faith, also $1,000.00 to St. Andrews Church and $1000. Cathedral domain of Episcopal Church."

The bequest which the lower court held invalid, and which is the only one in dispute, is the one of "$500. a piece to the lepers in the Catholic and Angelican faith."

It is obvious that the bequest does not mean $500 to each individual leper of the designated faiths because Mrs. Morrell's estate was utterly incapable of granting a beneficence of such magnitude. It must mean, then, that $500 should be given to Catholic lepers, collectively, and $500 to "Angelican" (Anglican) lepers, collectively. Had Mrs. Morrell used language indicating an intent to create a trust, it would be presumed that she intended the trustee to select the particular agencies or organizations to receive the bequests. Bush's Ex'r v. Mackoy, 267 Ky. 614, 103 S.W.2d 95; Kentucky Christian Missionary Society v. Moren, 267 Ky. 358, 102 S.W.2d 335; Druker v. Levy, Ky., 262 S.W.2d 681. However, no trust was created, so ambiguity remains. There being ambiguity, to some extent latent, extrinsic evidence may be considered to show the intention of the testatrix. Cummings v. Nunn, 290 Ky. 609, 162 S.W. 2d 213; Daniel v. Tyler's Ex'r, 296 Ky. 808, 178 S.W.2d 411; Hoge v. Street, 310 Ky. 370, 220 S.W.2d 830.

It was alleged in the complaint, and not denied by the defendants, that during her lifetime Mrs. Morrell was interested in, and

supportive of, two specific leper agencies, one being a mission in Liberia to which Mrs. Morrell's local Episcopal Church sent contributions, and the other a leprosarium in Louisiana, operated with the aid of a Catholic organization, in which Mrs. Morrell's sister (a Catholic) had maintained an interest, shared by Mrs. Morrell.

In view of the admitted facts showing the circumstances surrounding the testatrix at the time she wrote the will, we think the bequest in question should be construed as being one of $500 each to the two specific leper agencies in which Mrs. Morrell had been interested.

The judgment is reversed, with directions to enter judgment in conformity with this opinion.