## Gerick's Executor v. Gerick, et al.

(Decided April 21, 1914.)

## Appeal from Jefferson Circuit Court
## (Chancery Branch, First Division).

1. Wills—Bequest for Charitable Uses—When Void for Uncertainty —Section 317 Kentucky Statutes.—Under the provisions of Section 317 Kentucky Statutes, a bequest for charitable uses that fails · to point out such purpose and beneficiary with reasonable certainty is invalid.

2. Wills—Charitable Uses—Void for Uncertainty—Selection by Executor of Beneficiaries.—Where a clause in a will is void for uncertainty under Section 317, Kentucky Statutes, the executor cannot by a pleading select certain beneficiaries to receive portions of the estate.

BENJAMIN F. WASHER and FRED FORCHT, JR., for appellant.

BOLDRICK & GOCKE and FRANKLIN CHAPPEL for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The seventh clause of the will of Henry Gerick, deceased, disposes of his residuary estate as follows:

"I hereby appoint Henry J. Schoo, Jr., to be executor of this my last will, without bond, and to dispose of all my other possessions according to his judgment for good and charitable purposes."

His heirs at law insist that the clause is void for uncertainty insofar as it relates to the residuary estate. No objection is raised to the appointment or qualification of Henry J. Schoo, Jr.. as his executor, as provided by the clause.

Henry Gerick died a resident of Louisville on July 29, 1912. His will was written on the same day. It consists of seven clauses. By the first and second he provided for the payment of his debts, and funeral expenses. By the third, fourth, fifth and sixth clauses he makes specific bequest for definite charitable and religious purposes. His residuary estate amounts to something like $8,000 or $9,000, and by the seventh clause his executor is directed to dispose of it "according to his judgment for good and charitable purposes." As above indicated no question is raised as to any other portion of the will.

The lower court adjudged that the clause "is invalid for uncertainty in the designation of the objects of the

bequest." We are of opinion that the judgment of the lower court is eminently proper.

Section 317 of the Kentucky Statutes is very plain and decisive of the question. After enumerating thirty different kinds of charitable, educational, and humane objects, it provides that any bequest in their favor, "or for any other charitable or humane purpose, shall be valid, if the grant, conveyance, devise, gift, appointment or asignment shall point out, with reasonable certainty, the purposes of the charity and the beneficiaries thereof." It follows that any bequest which fails to point out such purpose and beneficiary with reasonable certainty is, of course, invalid.

The will in question does not designate any of the thirty objects or classes named in the statute, nor does it point out with any certainty any particular charity or humane purpose, or any person, or class of persons as beneficiaries thereof.

In Spaulding, etc. v. St. Joseph Industrial School, etc., 107 Ky., 382, this court had under consideration a similar question. By the will the testator bequeathed his property "for charitable purposes" to his brother as executor, "to be expended according to his direction." In an exhaustive opinion the court said:

"The case at bar presents a very different question from any of the Kentucky cases. It is a devise to charity generally; 'for charitable objects, to be expended for said objects in this diocese of Louisville, according to his (the executor's) discretion.' It may be that, if a class of charitable objects had been designated which included both public and private charities, the court would, in favor of one of those 'peculiar favorites of modern jurisprudence,' presume that those charities of the class which were public were intended. But it does not do that. It selects no class or individual out of the wide range of objects which, under the decisions of this court, can be considered charities. It does not even provide that it shall be given to a charitable use, the provision being that it shall be expended for charitable objects. We cannot tell whether the objects selected by the executor would be approved by the testator, for no guide is left us by him from which to ascertain his desire.

"After a careful consideration of this will, we are constrained to the conclusion that it amounts to nothing

more than a power of attorney to make a will for the testator, and that this cannot be done in Kentucky.''

In Coleman v. O'Leary Executors, 24 Ky. L. R., 1249, the court had under consideration a bequest of ''the sum of $3,000, to be applied to any charitable uses, and so as to do most good in his (trustee's) judgment.'' The court likened the language of the will in this case with that in the Spalding case, *supra,* and held the bequest to be invalid for uncertainty. The court declared ''The donor must select his charity. He may delegate power to select the individual recipients of his bounty, but a gift of charity in general is too vague to be enforced.''

The executor relies upon the cases of Thompson v. Brown, 116 Ky., 104, and Leek Heirs v. Leek, Executor, 25 K. L. R. 1703. In the Thompson case the residuary estate ''shall be collected by my executor, and by him distributed to the poor in his discretion.'' The court upholds this bequest, and distinguishes it from the Spalding case, *supra,* because the gift in the Thompson case is to the poor as a *class,* and the executor is directed to select from this *class* the persons who are to receive the benefit of the charity. The poor, who are classed as beneficiaries in the Thompson case, are among those specially named, as a class, to be proper objects of bounty by section 317 of the Kentucky Statutes.

In the Leek case the bequest was (1) ''for the aid of a Bible training and missionary school for Christian workers. (2) For the support of a missionary or missionaries in the foreign field. (3) To aid in carrying on the cause of Bible holiness, including fire baptized holiness work and evangelism. (4) To aid in the support of needy and destitute ministers of the Gospel.'' The proof showed the existence of the several objects of the testator's bounty, and that the cause or principle named in clause three was one espoused by a peculiar and distinctive religious sect. In the light of the testimony the court held that the class to which she desired her benefactions to be appropriated were indicated with reasonable certainty.

In the case at bar, however, the bequest is for good and charitable purposes. No peculiar or particular person, or class of persons is pointed out as the recipient. We are not disposed to extend the rule of construction beyond that laid down in the Leek and Thompson cases.

To do so would be a plain violation of the letter and spirit of the statute which requires that the beneficiaries, as well as the purposes of the bequest, shall be pointed out with reasonable certainty.

Realizing the weakness of the bequest, no doubt, the executor filed a pleading in which he names, and makes parties to the action, fifteen religious, educational, and charitable organizations which he has selected to receive portions of the estate under the seventh clause of the will, and he alleges "that they are such beneficiaries as the testator, Henry Gerick, had in mind and intended to be selected and designated to receive and enjoy his bounty under clause seven of his will."

The lower court, on motion, struck out this allegation, and all that portion of the pleading explanatory of it. The law permits any one to make disposition of his estate by last will and testament. In the absence of a will his estate is disposed of by law according to descent and distribution. If he makes a will it should give expression to what he had in mind and intended. The courts cannot make his will, neither will they supply, or supplement one for him. Where, by statute, a charitable bequest, to be valid, must be reasonably certain, it is idle to suggest that the testator had in mind, or intended to do things certain in that regard. The courts cannot give effect to such suggestion unless there is a plain provision or direction in his will on that subject.

We are of opinion that the lower court properly sustained the motion to strike, and adjudged that portion of clause seven of the will, disposing of his residuary estate, as void for uncertainty.

The judgment is therefore affirmed.