## State Bank & Trust Company, Executor v. Patridge.

(Decided March 23, 1923.)

### Appeal from Madison Circuit Court.

1. Charities—Statute Relating to Charitable Trusts is Substantially Same as English Statute Forming Part of Common Law.—Ky. Stats., section 317, relating to charitable trusts, is substantially the same as the English Statute of 43 Elizabeth, which has often been held to have become part of the common law of this country, and which was enacted to curb the acquisitions of eleemosynary corporations operating under the guise of charities.

2. Charities—Statute Regulating Charitable Trusts is Liberally Construed so Trust Will not Fail for Want of Trustee, But Not to Adopt Cy Pres Doctrine.—Ky. Stats., section 317, regulating charitable trusts, is liberally construed by the courts to carry out, if possible the charitable purposes of the donor of the trust, and no such trust will be permitted to fail for want of a trustee, but it is not construed so liberally as to adopt the cy pres doctrine, under which the trust can be extended for a charitable purpose, though no specific one was expressly named.

3. Wills—Devise to Charity not Designated with Reasonable Certainty is Treated as Intestate Property.—Where the purposes and objects of a charitable devise are not named in the will with reasonable certainty as required by statutes, the property attempted to be devised to charity is treated as undisposed of and passes by descent under the statutes of inheritance.

4. Charities—Devise for Trust Fund for Aged Unmarried Women is Valid Trust.—A devise of the residue of the estate to create a trust fund "to assist aged unmarried women, preferably teachers, so that their last days may not be made miserable by extreme poverty," sufficiently designates a class to receive the benefits of the trust and is a valid charitable devise.

BURNAM & GREENLEAF for appellant.

CHENAULT & CHENAULT for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

In December, 1920, Lelia E. Patridge died testate and a resident of Madison county. She had never married and consequently left no descendants, and her only surviving collateral heir was her brother, the appellee and plaintiff below, E. E. Patridge. After the will was duly probated he filed this equity action in the Madison circuit court against the executor, the defendant and appellant, State Bank and Trust Company, to obtain a

construction of the will, and in his petition he alleged that its last and residuary clause was void for uncertainty, and because thereof the testatrix died intestate as to the property included therein and that he, as her only heir, was entitled to it. That clause was copied into the body of the petition and there was filed as an exhibit therewith a certified copy of the will. The executor filed a demurrer to the petition, which was overruled by the court, and defendant declining to plead further judgment was entered declaring the attacked clause invalid and adjudging that plaintiff, as the only heir of his sister, was entitled by inheritance to the property attempted to be disposed of by it. Complaining of that judgment, defendant prosecutes this appeal.

The will makes a number of specific bequests, including one thousand dollars ($1,000.00) to plaintiff, and it closes with the residuary clause in question, which says: "All the residue of my estate, both that now in my possession and whatever I may fall heir to, I wish to have placed in the hands of some person or persons who will use it as a trust fund to assist aged unmarried women, preferably teachers, so that their last days may not be made miserable by extreme poverty." It will thus be seen that the only question presented is the validity of that clause.

Our statute relating to charitable trusts is section 317 of the present statutes, and which in its present form is of long standing in this Commonwealth. It is substantially the same as the English statute of 43 Elizabeth, which it has often been held became a part of the common law of this country; and it is a familiar fact to all practitioners that the English statute was enacted to curb the acquisitions of eleemosynary corporations operating under the guise of charities which had gained wide prevalence in the mother country. It is likewise a familiar fact that the English statute as well as those of the states patterned after it, including ours, have been uniformly given a liberal construction by the courts so as to carry out if possible the humane and charitable purposes of the donor of the trust, and further, that no such trust will be permitted to fail for the want of a trustee. The principles and rules by which this court has been guided in such cases are set forth and sustained by the cases hereinafter cited. So zealous were the English courts, as well as those of some of the states of the union, to carry out the general purposes of the

donor they adopted and applied what is known as the *cy pres* doctrine, but which has been discarded in this Commonwealth. Adams v. Bohon, 176 Ky. 66. Under that doctrine the funds composing the trust are permitted to be expended for a charitable purpose though no specific one is expressly named, with certain qualifications and modifications which are not now necessary to refer to.

Notwithstanding the liberal disposition of the courts in such cases, and in view of the *cy pres* doctrine not prevailing with us, this court has held in a number of cases that where the purposes and objects of the contemplated charity are not named and where the grant, conveyance, devise, gift, appointment or assignment to the charitable purpose does not point out "with reasonable certainty, the purposes of the charity and the beneficiaries thereof," as required by our statutes, the charity will fail for want of sufficient certainty in its attempted creation; in which case the property will be treated as if no attempt was made to devote it to a charitable purpose.

Therefore, in case of a will such an ineffectual attempt has the effect of leaving the property undisposed of and subject to descent under the statute of inheritance, which is the contention of plaintiff in this case. As representatives of the class of cases from this court so holding, and upon which plaintiff relies, are those of Spalding v. St. Joseph's Industrial School, 107 Ky. 382; Gerick's Executor v. Gerick, 158 Ky. 478, and Simmon's Executor v. Hunt, 171 Ky. 397. Other cases will be found cited in those opinions.

In the Spalding case the provision in the will was. "I bequeath to my brother, the Most Rev. M. J. Spalding, Archbishop of Baltimore, all my real, personal and mixed estate, and all I may die seized of, *for charitable objects, to be expended for said objects in this diocese of Louisville, according to his discretion;* and I hereby appoint my said brother the sole executor, without any security, of this my will." An exhaustive consideration and discussion of the question was made by the learned judge who wrote the opinion, in which a number of cases from this and other courts are cited, and the conclusion was reached that the devise was void for uncertainty, because, in the language of the opinion, "It selects no class or individual out of the wide range of objects which, under the decisions of this court, can be considered charities. It does not even provide that it shall be given to

a charitable use, the provision being that it shall be *expended* for charitable objects. We can not tell whether the object selected by the executor would be approved by the testator, for no guide is left us by him from which to ascertain his desire."

In the Gerick case the clause of the will under consideration provided: "I hereby appoint Henry Schoo, Jr., to be my executor of this my last will, without bond, and to dispose of all my other possessions according to his judgment for good and charitable purposes." The court, in its opinion, referred to the Spalding case and to the one of Coleman v. O'Leary's Executors, 24 Ky. L. R. 1249, and in which the trust fund consisted of $3,000.00 "to be applied to any charitable uses," and it was held that the clause in the will was in effect nothing more than a creation of a power of attorney for the executor or trustee to make a will for the testator, the opinion saying: "To do so (hold the clause valid) would be a plain violation of the letter and spirit of the statute, which requires that the beneficiaries, as well as the purposes of the bequest, shall be pointed out with reasonable certainty."

The will in the Simmons case said: "Everything else I own goes to charity. I leave that to my brother, Sam, to give out." The property so attempted to be devised amounted to $80,000.00. The court, in denying validity to that clause, said: "That the residuary clause in the will of W. H. Simmons is void for uncertainty under section 317 of the Kentucky Statutes is so manifest that no contention is or could reasonably be made otherwise," citing the Spalding and the Gerick cases, *supra*.

On the contrary counsel for the executor relies on the cases of Crawford v. Thomas, 114 Ky. 484; Thompson v. Brown, 116 Ky. 102; Leak v. Leak; 25 Ky. L. R. 1703; Kasey v. Fidelity, etc., Co., 131 Ky. 609; Green's Admr. v. Fidelity, etc., Co., 134 Ky. 311; Greer v. Synod, 150 Ky. 155; Miller v. Tatum, 181 Ky. 490, and Kratz v. Slaughter's Executor, 185 Ky. 256. We will briefly refer to and discuss this court's holding in only three of those cases as illustrative of the others.

The will in the Thompson case, the opinion in which was rendered on a petition for rehearing and withdrawing a contrary prior one, directed that the appointed funds be collected by the executor "and by him distributed to the poor in his discretion." Quoting from the case of Moore v. Moore, 4 Dana 354, the court in the

opinion said: "When an ascertainable object is designated by the donor in general or collective terms, as the poor of a given county or parish, *or when a person is appointed by him to select a described portion or kind or number from a designated class,* the chancellor, sitting as judge in equity, will interpose on the ground of trust." (Our italics.) Other cases are therein referred to in which the language creating the trust was not so definite and certain as is the clause of the will now under consideration, and the court in each of them held that "the purposes of the charity and beneficiaries thereof" were named and declared "with reasonable certainty," as is only required by the statute.

In the Leak case the property was devised to the executor for certain designated purposes, among which were: "For the aid of a Bible training and missionary school for Chrsitian workers," "For the support of a missionary or missionaries in the foreign field," "To aid in carrying on the cause of Bible holiness, including fire baptized holiness work and evangelism," and "To aid in the support of needed and destitute ministers of the Gospel." In upholding the validity of the devise as sufficiently complying with the requirements of our statute, the court, *inter alia,* said: "The general doctrine as to charitable bequests, as announced in a large number of adjudicated cases by this court, is that the beneficiaries may be designated as *a class only,* leaving the particular object of the testator's benefaction to be determined by the trustee appointed to administer it." (Our italics.)

In the Miller case the testator directed the trust to be used for certain designated purposes, one of which was to foreign missions, and another "to be used to help preach the Gospel," and directed that his executors "have the power to do as their judgment dictates." The court reviewed prior cases from this court and held that the designation of the beneficiaries was sufficient under our statute, and in doing so said: "As it is necessarily uncertain and indeterminate who the ultimate beneficiaries of a charitable trust are to be, they cannot be named or located in advance; and if the class of beneficiaries be named in general language, leaving to the trustee the discretion of selecting the immediate objects of the classes named to be the actual beneficiaries, the trust is sufficiently certain." We, furthermore, in that opinion pointed out the distinction between that and other

similar cases wherein a *class* of charitable objects was designated, and the cases cited above and now relied on by counsel for appellee. It will thus be seen that the cases from this court sustaining the trust do not regard it as fatal thereto that the beneficiaries of the designated class may be selected, even from the world at large, or that the fund may be expended without the prescribing of geographical limits. For a full discussion of the subject, see annotation in 22 A. L. R. 697.

In this case the clause under consideration in the will of the testatrix creates "a trust fund to assist aged unmarried women, preferably teachers, so that their last days may not be made miserable by extreme poverty." The beneficiaries are not only limited to unmarried women but also to those of that class who are *aged* with a preference that they be teachers coming within that class expressed by the donor, and the requirement that they be poor persons belonging to that class is necessarily implied. If a charitable trust created for the benefit of the poor is sufficient under the statute, as held in the Thompson case, and the designation of a named class the particular objects of which are to be selected by the trustee, who is to administer the trust, is sufficient as held in the other cases, it follows that the created charity by the will now under consideration must also be held valid, since there is not only a designated class, as we have seen, but that class is narrowed by other provisions of the clause. The case is, therefore, radically different from the Spalding and other cases relied on by plaintiff in which there was no other designation except "a charitable purpose," which is broad enough to include not only any one or all of the thirty different classes of charitable purposes expressly enumerated in the statute, but likewise any that might be included in the general clause following such enumeration "or for any other charitable or humane purpose." Manifestly, under such a broad and general designation the trust could not possibly be carried out without the assistance of the *cy pres* doctrine which, as we have seen, has no place in Kentucky jurisprudence.

It results, therefore, that the court erred in overruling the demurrer to the petition and in rendering the judgment appealed from. Wherefore, it is reversed with directions to set it aside and sustain the demurrer and for other proceedings consistent with this opinion.