### Kentucky Christian Missionary Society v. Moren et al.

(Decided Feb. 23, 1937.)

S. MONROE NICKELL for appellant.

H. C. CLAY & SONS and C. R. LUKER for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The legacy of the late T. G. Moren to the Kentucky Christian Missionary Society is before us on appeal from a judgment that it is invalid because of indefiniteness.

After giving directions for the payment of his debts and the care of his property, the testator willed a life estate in it to his wife subject to certain specific bequests. The provisions relating to the residuary devise are as follows:

"I direct that at the death of my wife, Blanche Moren, the entire estate, real and personal, shall be turned over to the Kentucky Christian Mission-

ary Society to be managed and controlled by them; and that the income from said estate shall be used for the benefit of the Christian Churches of Laurel and adjoining counties, in such ways as seem wisest, and best to assure the efficiency and progress of these churches; the aforesaid executive committee being the sole judge of the ways and manner in which said funds are to be expended.

"It is my desire that the real estate, herein willed to the Kentucky Christian Missionary Society, shall not be sold. If, however, it should become manifest that the best interest of the town of London, Kentucky, required it, or that the price obtainable for any part of said real estate could be reinvested so as to be equally safe, and yield a better income, the aforesaid Christian Missionary Society is hereby authorized to so sell and reinvest the proceeds as they deem best.

"The Kentucky Christian Missionary Society shall be required to give bond secured by approved surety company, for the proper discharge of this trust."

It is further provided in the will that, should Minnie Ascleman become unable to support herself, she should be paid out of this trust an amount sufficient to maintain her in comfort. In short, the devise is to the Kentucky Christian Missionary Society in trust for the benefit of the Christian Churches in Laurel and adjoining counties to be distributed according to the discretion of the executive committee of that society, subject to the contingent benefit of Minnie Ascleman.

Our statute of charitable uses (section 317) makes valid a devise of property when made in due form of law for the relief or benefit of churches if it shall point out with reasonable certainty the purposes of the charity and the beneficiaries thereof. It is a maxim of interpretation that courts, looking with favor on charitable gifts, will uphold them when it can be done consistently with established rules of law and will protect them from assault. Greer v. Synod, Southern Presbyterian Church in Kentucky, 150 Ky. 155, 150 S. W. 16.

The argument of the appellees in support of the judgment is that the term "Christian Churches" em-

braces all those who profess the religion of Jesus Christ. "The disciples were first called Christians in Antioch." Acts XI:26. So it is true that all of those of the "household of faith" are entitled to the holy distinction. But that is the generic sense of the word "Christian" even as "catholic" in its broad sense means the church universal. Yet each term has a specific meaning and the term "Christian Church" may easily, according to the context, identify a certain great religious denomination having its origin in Kentucky (Martin v. Kentucky Christian Conference, 255 Ky. 322, 73 S. W. (2d) 849), and numerous congregations throughout the countries. Aside from this common knowledge, according to the admitted record, the appellant, Kentucky Christian Missionary Society, is a Kentucky corporation having power to accept and administer the trust. It has a board of directors or managers elected and appointed by the combined members of the congregations, which are known interchangeably as Christian Churches, Churches of Christ, and Disciples of Christ. In Crawford's Heirs v. Thomas, 114 Ky. 484, 54 S. W. 197, 55 S. W. 12, the bequest of a fund to a trustee to be expended "in securing an evangelist" and "in the advancement of the principles of primitive Christianity as taught by the Christian Church" was held valid as a charitable bequest to aid in the advancement of the principles of Christianity as taught by this denomination, the purpose of the charity for the beneficiaries thereof being pointed out with reasonable certainty.

The devise here is much more definite. It is to a named trustee whose office or business is in part to do the things for that very religious denomination to which the trust is expressly appointed. The beneficiaries are designated as the Christian Churches in the home county of the testator and those adjoining it. The record specifically identifies them, being seventy-four in number. Perhaps some of those churches now in existence may be disbanded. Others may be organized in the future. But that can make no difference. An essential feature of a trust for a charitable use is that the beneficiaries are uncertain although they should be of a class described in general language. 5 R. C. L. 294. It has been said that the best test of a public charitable trust is the indefiniteness of the ultimate beneficiaries,.

for, if they are confined too particularly, the trust becomes a private one. Cf. Neptune Fire Engine & Hose Company v. Board of Education of Mason County, 166 Ky. 1, 178 S. W. 1138, Ann. Cas. 1917C, 789; Miller v. Tatum, 181 Ky. 490, 205 S. W. 557. Many trusts, great and small, have existed and continued throughout the years for the relief and benefit of humanity, spiritually and physically. The beneficiaries are everchanging. Take, for example, a trust for the benefit of a designated home for orphans. Although definite as to the institution, it is indefinite as to the beneficiaries. But, when the time for distribution arrives, present beneficiaries are found and identified. There are future beneficiaries unborn and unknown who will come into the institution to enjoy the bounty. It has never been held that such a gift or bequest is too indefinite for enforcement.

Beneficiaries may be designated only as a class with the particular objects of the testator's benefaction to be determined by the trustee appointed to administer it. Such is a valid charitable trust, for the testator has chosen the class of beneficiaries and granted a power to the trustee to select only the individual members of the class. It is different where the testator makes no selection even of a class, and leaves to another the choice of classes as well as individuals from among the entire range of objects which he may have willed to aid. The distinction is pointed out in Gooding v. Watson's Trustee, 235 Ky. 562, 31 S. W. (2d) 919. See, also, State Bank & Trust Company v. Patridge, 198 Ky. 403, 248 S. W. 1056. The devise under consideration, it seems to us, clearly comes within the first classification, for it does not pass on to others the power or right to make a will for the decedent. It states the objects and purposes and restricts the choice only in the distribution of the bounty.

In Goode's Adm'r v. Goode, 238 Ky. 620, 38 S. W. (2d) 691, a bequest of an estate as a trust to help educate young people in testator's home county of Pulaski and in two named adjoining counties was sustained. The will directed that the "official board of the church where my membership is at the time of my death, which is now the First Christian Church of Somerset, Kentucky, shall be the sole judges of who is a suitable and

proper person to be a beneficiary of this will.'' Upon reason and authority the bequest was declared not to be so indefinite or vague as to make it unenforceable; hence was sustained.

The extent to which the court has gone to sustain devises of this character is shown in Obrecht v. Pujos, 206 Ky. 751, 757, 268 S. W. 564, 565, where the bequest of a residuary estate was directed ''to be devoted * * * exclusively to the reconstruction of monasteries destroyed by the present war and the relief of poor ones.''

In that case and in Russell v. Tyler, 224 Ky. 511, 6 S. W. (2d) 707, may be found a collection of cases involving broad trusts which successfully withstood attack as being too indefinite of enforcement.

We do not regard the devise of land to the trustee for the benefit of the several churches as offending the statute prohibiting churches from owning more than fifty acres of land. Section 319, Kentucky Statutes. It is not within the spirit or the letter of that statute. No title vests in any one church nor is the trust for the benefit of any one church. Indeed, it is not made to appear that title to more than fifty acres of land will ultimately vest in the trustee.

We need not be concerned in this case with the peculiar alternative power of sale of property for reinvestment, when ''it should become manifest that the best interest of the town of London'' required it.

It seems to us, therefore, that the judgment is erroneous and must be reversed, with directions to construe the will in accordance with the views herein expressed.

Judgment reversed.