## Young et al. v. Redmon's Trustee.

June 15, 1945.

Bradley & Blanton for appellants.
David D. Cline for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

We are called upon here to determine the propriety of a judgment of the Bourbon Circuit Court testing the

validity of a gift to charities created by the will of Lou Davis Redmon. The portion of the will involved herein is the clause reading: "Second, I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal to my beloved wife, Sallie Ferguson Redmon to have and hold to her my said wife so long as she may live at her death it shall still remain hours in trust to care for Cemetary lot and to educate some poor Christian worthey Girl."

After the death of the widow, Sallie Ferguson Redmon, the appellants, heirs at law of Lou Davis Redmon, being nieces and nephews and the descendants of nieces and nephews, brought this action claiming that portion of the will creating the charities to be void. The defendant below filed a demurrer to the petition and amended petition, and the court below rendered a judgment declaring the will established a valid trust, and dismissed the plaintiffs' petition. Plaintiffs appeal.

In its judgment the court said: "The court finds that such intention of the testator can be carried into effect by construing said will so as to read 'and after her death it shall remain ours to give in trust' * * * the Court supplying the words to give so as to carry the testator's intention into full force and effect."

The appellants claim the intention of the testator cannot be gathered from the wording of the will, which is so indefinite and uncertain as to be unenforceable. They contend it is impossible to determine with any degree of certainty what the testator intended to do, and, consequently, the matter is resolved into mere speculation. In support of their view they cite a number of cases, among which is the case of Winn v. William, 292 Ky. 44, 165 S. W. 2d 961, 965. In their brief they quote from this case at length, and italicize the following words: "No where in the will is the design, object, purpose or character of the trust stated, nor is there any direction or power of any kind bestowed upon the unnamed trustee in respect thereto."

Using their italicized portion above as the rule to govern the instant case, let us observe the involved clause. Certainly there is design, object and purpose in the will. It is obvious the testator intended to create a trust fund in perpetuity for the care and preservation of the family cemetery lot and for the education of some

poor Christian worthy girl. No one needs to speculate as to that. Neither is there uncertainty, ambiguity, or indefiniteness as to the subject matter devised, nor how it is to be held. It is to be held in trust. It is true the will provides that the estate shall remain "hours." (Clearly the pronoun ours was misspelled.) It would reduce the will to an absurdity to claim in any way that the meaning of the expression was that the title was to remain in the testator and wife. Obviously this was nothing more than a rather crude way of expressing a desire to perpetuate the gift as a memorial.

The paramount fact is that the will declared the trust. It is immaterial that no trustee was named in the will. A charity is created by the will. The rule is well established that a court of equity will not permit a charity to fail for want of a trustee. Not only is this rule established by a long line of decisions but is expressly declared by statute. KRS 381.270 reads: "No charity shall be defeated for want of a trustee or other person in whom the title may vest; but courts of equity may uphold the charity by appointing trustees, if there be none, or by taking control of the fund or property, and directing its management and settling who is the beneficiary thereof."

The policy favoring charities and public trusts has been declared by this court in numerous cases. In Bush's Executor v. Mackoy et al., 267 Ky. 614, 103 S. W. 2d 95, 97, the court said: "Courts look with a favorable eye and have an approving disposition in regarding charitable bequests. This attitude winds far back in our judicial history. Such a gift will be upheld if the bounty can be applied to any single object within the specified class or if it can be done without violating any rule of law, principle of justice, or dictate of public policy."

Attention of appellants might be called to the essential differences between the rules controlling in private trusts and in charitable trusts. Charitable trusts are not bound by all the limitations applicable to private trusts. In Am. Jur. Vol. 10, Section 6, page 589, we find the following words:

"The requisites of a valid private trust and one for a charitable use are materially different. In the former there must be not only a certain trustee who holds the

legal title, but a certain specified cestui que trust, clearly identified, or made capable of identification by the terms of the instrument creating the trust, while it is an essential feature of the latter that the beneficiaries are uncertain, a class of persons described in some general language, often fluctuating, changing in their individual members, and partaking of a quasi-public character."

See also Goode's Adm'r v. Goode, 238 Ky. 620, 38 S. W. 2d 691; Kentucky Christian Missionary Society v. Moren, 267 Ky. 358, 102 S. W. 2d 335; Shrader v. Erickson's Ex'r, 284 Ky. 449, 145 S. W. 2d 63.

KRS 381.260 provides: "Except as otherwise provided by statute, every grant, conveyance, devise, gift, appointment and assignment made for any charitable or humane purpose shall be valid if it points out with reasonable certainty the purposes of the charity and the beneficiaries thereof."

See also Coleman v. O'Leary's Executor, 114 Ky. 388, 70 S. W. 1068; State Bank & Trust Co. v. Patridge, 198 Ky. 403, 248 S. W. 1056; Owens v. Owens' Executor, 236 Ky. 118, 32 S. W. 2d 731.

It cannot be seriously contended that the creating instrument herein does not point out with reasonable certainty the purposes and intents of the testator. No distortion of his plan, wish or intent is conceivably necessary. A trustee operating under the supervision and direction of the court, will meet with no insurmountable difficulty in effectuating the charitable gift in accordance with the testator's intent.

We, therefore, conclude that the lower court was in line with the historical judicial policy of validating charitable gifts in the manner most consonant with the charitable intent of the testator.

Judgment affirmed.