O. T. FRANKLIN et al., Trustees, etc.,
Appellants,

v.

Everett HAHN, Trustee, et al., Appellees.

Court of Appeals of Kentucky.

Feb. 18, 1955.

Allen, Duncan, Duncan & Arnold, Joseph L. Arnold, Lexington, L. D. Burrus, Louisville, for appellants.

Kinsolving & Reasor, Shelbyville, for appellees.

WADDILL, Commissioner.

This case involves a controversy which has developed among the members of the Chaplin Christian Church, located in Nelson County, which was established during the year of 1869. The deed to the church property has been lost, and was never recorded. An action was brought by the

appellees against the appellants, who represent a majority of the membership of the church, seeking an injunction to enjoin the appellants from interfering with the appellees in the use and management of the church property. By counterclaim the appellants sought an injunction restraining appellees from interfering with their use and control of the church property. The Chancellor granted an injunction against the appellants.

The controversy arose in the spring of 1953, when the church sought to employ a regular minister. A petition was circulated by the official board of the church among the members which gave the board authority to employ a minister. This authorization was signed by 129 members, which was a majority of the total membership of the church. On May 1, 1953, Mr. Julian Hunt was employed by the board as minister.

The appellees claim that the petition granting the authorization for the board to hire the minister was secretly circulated and not shown to all the members. The appellees did not approve of the appointment of Minister Hunt and called a business meeting to take place on June 28, 1953. This meeting brought about a disturbance which resulted in the arrest of two individuals who were present in the church at that time. The present action was filed on July 17, 1953.

The appellees claim that the Chaplin Christian Church is a part of the denomination known as the "Disciples of Christ" founded by the followers of the religious leaders, Alexander Campbell and Barton W. Stone. Appellants agree that the Chaplin Christian Church was founded by the followers of Campbell and Stone, but urge that this particular church has no connection with the denomination known as the "Disciples of Christ." Appellants contend that it was the purpose of Campbell and Stone to restore the undenominational Christian Church as revealed in the New Testament and not to establish the "Disciples of Christ" church, or any other particular sect or denomination. They claim that the "Christian Church" and the "Disciples of Christ" church are separate religious bodies and do not have the same doctrines or beliefs. Appellees, on the other hand, assert that the "Disciples of Christ" and the "Christian Church" are the same religious group which is generally known by either of these names. Appellees desire to maintain affiliation with the various agencies of the "Disciples of Christ," particularly the "United Christian Missionary Society." Appellants do not approve of supporting these organizations.

We are aware of the rule that where the characteristic doctrines of a particular church are well established, the courts will exercise their power to protect a minority in the congregation against a diversion of the property of the church to another denomination or to a group supporting doctrines radically and fundamentally opposed to the established practices and tenets of the church. Parker v. Harper, 295 Ky. 686, 175 S.W.2d 361. However, we are unable to determine from the evidence what the doctrine of the "Chaplin Christian Church" was when it was founded. In view of the inconclusive nature of the evidence on this question and inasmuch as it was not shown that there was any substantial difference in the doctrinal beliefs of the parties, the above stated rule is not applicable in this controversy.

In this case we must follow the well established principle that the separation of church and state is the recognition of the separation of things spiritual or ecclesiastical and things temporal or secular. The regard for this fundamental principle of our government leaves controversies of a doctrinal or theological nature strictly in the ecclesiastical judicature. It is only when a controversy involves a civil or property right that the hand of the secular court will take hold and exercise its power. Parker v. Harper, 295 Ky. 686, 175 S.W.2d 361. The dispute in this case does not involve a civil or property right. There is no evidence that any of the members of

the Chaplin Christian Church have been denied the right to use the church for the purpose of worship.

■ While there are several different types of church government recognized, it is well established that the "Christian Church" or the "Disciples of Christ" groups are strictly congregational in government and activity. Kentucky Christian Missionary Society v. Moren, 267 Ky. 358, 102 S.W.2d 335; Martin v. Kentucky Christian Conference, 255 Ky. 322, 73 S.W.2d 849. Therefore, the local church congregation is the governing body of the church and the determination of a question by a majority of the members is final. See Annotations, 70 A.L.R. 78.

■ The appellants and their followers do not believe in supporting the United Christian Missionary Society and other organizations which are generally supported by the "Disciples of Christ." The Chaplin Christian Church has in fact ceased to support these organizations. The learned Chancellor held that the appellants, by refusing to support certain missionary societies, schools and conventions which appellees desired to support, were failing to adhere to the fundamental doctrines of the Chaplin Christian Church. This church, having the congregational or independent form of government, had the right, if the majority of the membership so desired, to withhold support from any voluntary society or organization. From the evidence presented, the "United Christian Missionary Society" and the societies and schools in question would appear to be voluntary organizations.

In the case of Martin v. Kentucky Christian Conference, 255 Ky. 322, 73 S.W.2d 849, 852, a small Christian Church had been supporting the Kentucky Christian Conference, which is a voluntary organization. A majority of the members of the church voted to withdraw from the conference. The conference, and some members of the church, brought suit against the majority of the congregation to restrain them from interfering with plaintiffs in the use of the church property. In deciding the question, this Court said:

"* * * Indeed, it cannot be disputed that the Christian Church has a congregational form of government and that each local church administers its own government by the voice of a majority of its members. That being true, it cannot be doubted that a majority of the members of a Christian Church has the power to * * * withdraw the church from a purely voluntary organization, such as a Conference, * * * without departing from the faith."

■ The appellees also contend that the manner in which Minister Hunt was employed is unjust and irregular. This is a matter which should be decided by the majority of the congregation of the church rather than by the court. In Kidwell v. Crawford, 298 Ky. 380, 182 S.W.2d 968, 971, this Court said:

"* * * Controversies of a doctrinal or theological nature and disciplinary measures affecting individual membership, the selection of the congregation's pastor and church officers, * * * and all such kindred matters, lie solely and exclusively within the jurisdiction of the properly constituted authority of the church itself, which, in the case of the Christian Church, is the local congregation * * *."

■ While there may be some difference of opinion among the two groups concerning what the fundamental doctrine of this church was when it was founded, the proof was insufficient to support a finding of fact that this church was established as a "Disciples of Christ" church. Therefore, the Chancellor erred in concluding that the appellants were failing to adhere to the fundamental doctrines of the Chaplin Christian Church.

■ The issues in this case concern matters which should be decided by a majority of the membership of the Chaplin

Christian Church. Secular courts have no jurisdiction over ecclesiastical controversies of this character.

The judgment is reversed, with directions to dissolve the injunction, and to enter a judgment dismissing the action.

MONTGOMERY, J., not sitting.