Henry HOENIG et al., Appellants,

v.

John NEWMARK et al., Appellees.

Court of Appeals of Kentucky.

Nov. 1, 1957.

Edward W. Bensinger, Louisville, for appellants.

T. Kennedy Helm, Jr., and Stites, Wood, Helm & Peabody, James E. Thornberry, Louisville, for appellees, Lucile Pledge Gillespie and Jean Pledge Roth.

Eli H. Brown, III, and Edward S. Bonnie, Louisville, for appellee, University of Louisville.

WADDILL, Commissioner.

█ The appeal is from a judgment declaring a portion of the residuary clause of the will of Lucile Newmark void for uncertainty and directing distribution of the residue of the estate to certain beneficiaries in accordance with an alternate provision of the will. Appellants, who are the executors and trustees under the will, urge that the residuary clause of Miss Newmark's will points out with reasonable certainty the beneficiaries and the purpose of the charity, and therefore is a valid disposition of the residue of the estate.

The residuary clause contained in Item VII provides, in effect, two alternative dispositions of the estate. The first provision, which the circuit court held void for uncertainty, reads:

"Item VII. All the rest, residue and remainder of my estate, real, personal and mixed, wheresoever situate, which I may own or have the right to dispose of at the time of my death, I give, devise and bequeath to my Trustees herein named, with the express understanding that my Trustees shall be permitted, in their sole discretion, to distribute the same for me, as soon as practicable after my death, to such educational or charitable institutions or to such individual or individuals as, in their sole discretion, they may determine to be worthy, with the suggestion on my part that my said Trustees carefully investigate the schools in the backwoods and mountains of Kentucky lending aid to underprivileged children and needy students. It is my express intention and desire by this provision of my will that my Trustees herein named be privileged to dispose of the rest, residue and remainder of my estate, including any property or properties or assets which may be added to my residuary estate as a result of the termination of any of the trusts herein created, and pay over the same to such institutions, organizations or persons, outright or in trust, in such a manner, amount or proportion and in such estates and for interests as my said Trustees, in their sole discretion, shall determine or appoint. * * *."

The second provision of Item VII requires that if the earlier clause is ineffective, the residue must be distributed to certain legatees named in the will, (appellees herein) pro rata. It reads:

"If for any reason, legal or otherwise, there shall be any question raised as to the legality of this disposition of the rest, residue and remainder of my estate, then and only in such event I direct that the said rest, residue and remainder of my estate be divided among the specific legatees named by me in Items II and VI in like proportions as each respective specific bequest named in said Items II and VI bear to the total of such bequests."

The validity of the first portion of Item VII must be considered in the light of KRS 381.260, which provides:

"Except as otherwise provided by statute, every grant, conveyance, devise, gift, appointment and assignment made for any charitable or humane purpose shall be valid if it points out with reasonable certainty the purposes of the charity and the beneficiaries thereof."

In order to apply this statute and the decisions of this Court to the first portion.

of the residuary clause, it is necessary to ascertain what guideposts the testatrix provided for her trustees so that they might determine her purpose and her beneficiaries. Under the clause in question the trustees are given the discretion to distribute the residue:

(1) "To such educational or charitable institutions or to such individual or individuals as" (2) "they may determine to be worthy."

While the residuary clause then makes the "suggestion" to the trustees that they "investigate" the schools in the backwoods of Kentucky, this suggestion is immediately followed by a clause giving the trustees "sole discretion" to determine the beneficiaries. Under the broad language of Item VII, the bequest may be to educational institutions, charitable institutions or individuals if the trustees determine they are "worthy."

The clause in question is not only uncertain about the particular charity testatrix intended to benefit, but it leaves our minds in doubt whether the testatrix intended to limit her bequest to a charitable use. It is our opinion that the attempted bequest amounts to nothing more than a power of attorney for the trustees to make a bequest in behalf of the testatrix, and this cannot be done in Kentucky. Spalding v. St. Joseph's Industrial School for Boys of the City of Louisville, 107 Ky. 382, 54 S.W. 200. Consequently, we think the circuit court was correct in holding the attempted bequest void. See, Stocer v. Meyer, 285 Ky. 387, 147 S.W.2d 1041; Gooding v. Watson's Trustee, 235 Ky. 562, 31 S.W.2d 919; Gerick's Executor v. Gerick, 158 Ky. 478, 165 S.W. 695; Coleman v. O'Leary's Executor, 114 Ky. 388, 70 S.W. 1068.

Since we have decided that the circuit court correctly held that the purported "charitable" bequest was void, it follows that the trustees do not have discretion, but must follow the terms of the alternative disposition provided in Item VII of the will. The judgment entered by the circuit court is free from error.

Judgment affirmed.