L. B. McHARGUE et al., Appellants,

v.

Aubrey FELTNER et al., Appellees.

Court of Appeals of Kentucky.

June 12, 1959.

Boyd F. Taylor, London, for appellants.

Calvert C. Little, William J. Weaver, London, for appellees.

STANLEY, Commissioner.

This is an action by a member of the First Christian Church of London, for himself and as a representative of other members, to enjoin what is alleged to be a diversion of the funds of the church by selling the parsonage and buying a lot and erecting another. thereon, and to cancel deeds already executed. The circuit court held the action of the trustees to have been authorized by the congregation.

As a voluntary association and independent religious society with a congregational form of government, the church is a self-governing democracy. The control of its property and management of its affairs are vested in a majority of the members in the absence of a breach of trust. Pelley v. Hill, 299 Ky. 184, 184 S.W.2d 352; Bray v. Moses, 305 Ky. 24, 202 S.W.2d 749; Franklin v. Hahn, Ky., 275 S.W.2d 776. Clearly, the disposition and acquisition of a residence for the pastor are within the scope of the powers and authority of the majority of the membership. The question raised is whether the congregation authorized the transactions about which complaint is made, particularly the acquisition of a new parsonage.

The constitution and bylaws of the Christian Church of London provide a governing board of elders and deacons as an official board and trustees to have charge of the property under the direction of that board, and for an annual congregational meeting in October. After the official board had adopted an appropriate resolution to sell the parsonage, notice was given by mail to the members of the church

through a regular bulletin or church news letter of the annual congregational meeting to be held on October 12, 1955. This notice stated that the approval of the project (and other business matters) would be submitted to a vote of the congregation at that time. By ballot, a majority voted in the affirmative. This fact was announced by one of the trustees at the following Sunday morning service but with the statement that because of the closeness of the vote, the official board would take no action "for the time being" or "at this time." The appellant claims this was an abandonment of the project and there was no later authority to proceed. According to the evidence, the postponement was to make further plans for acquiring other property and to explain to the congregation in greater detail what was involved. It was suggested also that this would allow the troubled waters to become calm.

At a regular meeting of the official board on January 25, 1957, a motion was passed to buy a certain lot. At succeeding meetings of the board, the plans were made for the erection of a parsonage to cost $15,000 on that lot. It was the custom of the congregation to hold quarterly meetings. At such a meeting held on September 11, 1957, the foregoing action of the trustees was approved, as was a church budget, which included the item of $15,000. This, it is proved, was the normal and usual course of proceeding by the congregation.

The minutes and records of the action of the board and of the congregation are more complete and regular than is often found. The authority granted the board had been exercised and the transaction completed in whole or in part when this suit was filed. Like the circuit court, we find there was no abandonment of the project by the delay in exercising the authority to sell the old parsonage granted by the congregation on October 12, 1955, and no legal basis for the complaint of the plaintiff.

The judgment is affirmed.

BIRD, J., not sitting.