George **PHILPOT** et al., Appellants,

v.

Vernon **MINTON** et al., Appellees.

Court of Appeals of Kentucky.

June 7, 1963.

Rehearing Denied Sept. 27, 1963.

———◆———

Calvert C. Little, Ray C. Lewis, London, for appellants.

B. Robert Stivers, London, for appellees.

PALMORE, Judge.

■ This case involves the same subject matter, but additional named defendants, as the earlier lawsuit brought by the plaintiffs in 1956 and terminated by an unqualified order of dismissal entered on June 4, 1957. We need not consider whether, under the particular circumstances, the non-identity of parties defendant would be fatal to the plea of res judicata, as the defense must nevertheless be denied because it was not shown that the dismissal was an adjudication on the merits. See Blevins v. Johnson, Ky., 344 S.W.2d 375 (1961).

■ Unless otherwise specified in the order, (1) a voluntary dismissal pursuant to CR 41.01 is without prejudice, but (2) an involuntary dismissal under CR 41.02, "and any dismissal not provided for in Rule 41, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits." In the present instance the order of dismissal recites that it was entered "on motion," but does not indicate whose motion. Confining ourselves to what the record shows, as distinct from information supplied in the briefs, we are unable to discern whether the 1956 proceeding was dismissed pursuant to CR 41, CR 42, or otherwise. When the basis of an earlier decision is not made clear it cannot operate as res judicata. 50 C.J.S. Judgments § 627, p. 54.

■ The United Baptist Church of Freedom being a self-governing congregational body, the courts are not authorized to interfere with the will of the majority of its members in regard to the use of the church property except in case of "a radical departure from and disavowal of the established characteristic fundamental doctrines and practices of the society." Mitchell v. Church of Christ, 221 Ala. 315, 128 So. 781, 70 A.L.R. 71, 74 (1930); Parker v. Harper, 295 Ky. 686, 175 S.W.2d 361 (1943); Bray v. Moses, 305 Ky. 24, 202 S.W.2d 749 (1947). Such a departure must be clear, and may not rest upon "some slight difference of form or practice," Martin v. Kentucky Christian Conference, 255 Ky. 322, 73 S.W.2d 849, 852 (1934), or "a mere difference of opinion as to the interpretation and application * * * of the articles of faith," Mitchell v. Church of Christ, supra; Franklin v. Hahn, Ky., 275 S.W.2d 776 (1955).

■ In this case there is no contention that the doctrines being taught and preached at Freedom Church are in any respect inconsistent with the articles of faith of the United Baptist Church. The dispute in the beginning arose solely over the discovery that Rev. Woods had been ordained as a Missionary Baptist rather than a United Baptist minister. Then, after he had been re-ordained by a presbytery of United Baptist ministers, it developed that one of the essential participants in the ordination ceremony had not been duly and formally authorized by his own congregation to as-

sist in that proceeding. By this time Rev. Woods was, of course, at the very least a *de facto* if not 100% *de jure* United Baptist minister, but out of the seeds of discord there had now flourished a rather ungenerous inquisition into such misfortunes and misunderstandings in his life as might serve to disqualify him because he was not "blameless" and of good repute. Considering the fact that he was of good repute when he came to Freedom Church, the record fairly suggests that in assuming the rule of detractors the appellees have been principal architects of the very disrepute by which they now seek to disqualify and depose him. Be that as it may, whether Rev. Woods is or is not qualified for the ministry according to the standards set forth in the Gospel, it is not at all clear from the literal context of the United Baptist articles of faith that by its mere acceptance of a minister who is not so qualified a congregation necessarily deviates from the fundamental doctrine of the church as contained in those articles. The answer to that question rests entirely on theological interpretation, in which it appears to us that there is room for reasonable difference of opinion. Hence the issue is not justiciable in the courts and, in this world, a majority of the congregation must be the final judge.

The judgment is reversed with directions that the complaint be dismissed and the appellants be granted appropriate relief on their counterclaim.