**R. H. DAVIS et al., Appellants,**

**v.**

**John Sam CARY, Executor, etc., et al., Appellees.**

Court of Appeals of Kentucky.

June 14, 1968.

Richardson, Barrickman & Dickinson, Glasgow, for appellants.

John Sam Cary, Harlan E. Judd, Burkesville, Frank L. Pearl, Louisville, Richard L. Garnett, Dale Burchett, Glasgow, for appellees.

CLAY, Commissioner.

This is a suit to clear the title to a "home tract" at one time owned by John D. Skinner, since deceased. The cloud on the title was a devise in his will which purported to create a charitable trust. The Chancellor adjudged that the charitable trust was effectively created and the title to the property was vested in appellee Christian Church Homes of Kentucky, Inc. The heirs of Skinner appeal.

When Skinner died in 1922 he left a will devising the "home place" to his wife for life and at her death it was directed

"that this tract of land be sold by the officers of the Church of Christ, Louisville, Ky. and the proceeds go to the Widows and Orphans Home of that Church". At the time the will was made and at the time of the testator's death there was no "Church of Christ, Louisville, Ky." However, there was in existence at that time in Louisville "The Christian Church Homes of Kentucky", which since 1884 had maintained a home for widows and orphans. At the time the will was written and at the time of the testator's death this was the only institution of its kind in Louisville, and the local church to which the testator belonged had contributed to it.

■ Charitable gifts are favored by the courts, Kentucky Christian Missionary Soc. v. Moren, 267 Ky. 358, 102 S.W.2d 335, and by the statutes, KRS 381.260 and KRS 381.270. As provided in the former statute, a charitable devise is valid if the purpose and the beneficiaries thereof are pointed out with reasonable certainty. It can be scarcely questioned that the devise in Skinner's will clearly exhibited a charitable purpose, and it named a distinct class of persons who were to be the beneficiaries. Apparently the testator knew there was a widows and orphans home in Louisville maintained by some church organization, and the fact that it was not named with technical accuracy in the will would not justify violating the testator's charitable purpose.

The argument is made, however, that the testator would not have intended to leave his property to a "Christian Church" because he was not in sympathy with certain doctrines of that church. He was a member of the Waterview Church, which before the testator's death and for some time thereafter was known as a "Christian Church" or a "Church of Christ". It appears that for several years prior to the testator's death churches which had been part of a reform movement were variously and interchangeably known as "Christian Church", "Disciples of Christ", or "Church

of Christ". A split developed principally over the issue of using instrumental music in worship and the participating in unified promotions of missions and benevolences. The true "Church of Christ" opposed both of these.

The Waterview Church, to which the testator belonged, was at one time known as a "Christian Church", but after his death adopted the name of "Church of Christ". There is evidence the testator before his death had opposed the use of an organ in his church and was part of a movement to make the Waterview Church, from a doctrinal standpoint, a true "Church of Christ" as distinguished from a "Christian Church". Thus the argument is made that he would not have intended to devise his property to a church institution which did not conform to the "Church of Christ" doctrines.

■ We are of the opinion that the controversy over doctrinal beliefs is not of controlling significance in construing this will. In the first place, the circumstance that there was only one denominationally designated widows and orphans home in Louisville was substantial evidence the testator must have had in mind this particular home, regardless of the name by which it was known. It is also reasonable to believe that the doctrines of the church institution maintaining a widows and orphans home would be irrelevant since the beneficiaries of this charitable trust were *people* and not a *particular church*. The apparent overriding intention of the testator was to benefit widows and orphans, and nothing in the will indicates that such beneficiaries need belong to *any* denomination. We are inclined to believe that the doctrinal matter never crossed the testator's mind when he made his will. Certainly his benevolent purpose outweighs the conjecture that a doctrinal difference, wholly unrelated to such purpose, should defeat this charitable devise. We concur in the Chancellor's conclusions.

The cases cited by appellants, such as Brewer v. Baxter's Executor, 295 Ky. 416,

174 S.W.2d 698, and Hoenig v. Newmark, Ky., 306 S.W.2d 838, are those wherein the instrument purporting to create a charitable trust failed to designate with sufficient certainty the charitable purpose, or provided for the administration of the trust in a manner which could not be carried out. Neither of those difficulties confronts us here. In our opinion the Chancellor correctly construed and gave effect to this provision of the will.

The judgment is affirmed.

All concur.