# Hoge v. Street et al.

January 28, 1949.

Rehearing denied June 21, 1949.

Allen Prewitt for appellant.

Pentecost & Dorsey, Clifford E. Smith and King & Flournoy for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Reversing.

This is a declaratory judgment action filed by the niece of Henry P. Barret, who died in 1947. The controversy involves a construction of Item 4 of his will. The Chancellor sustained a general demurrer to appellant's petition, which effectively denied the particular claim she is asserting.

When the testator died, he was survived by his widow, a sister, and his sister's daughter, the appellant. He left a very substantial estate. With his widow, the principal beneficiaries under the will were the appellant and appellee Frank T. Street, the latter a good friend and the testator's farm manager.

The pertinent portion of Item 4 of the will provides as follows: (our italics)

"Subject to the option given to Frank T. Street and to the other provision in this Item, I give, devise and bequeath to my niece, Lucy Barret Gant Hoge, of Frankfort, Kentucky, should she be living at the time of my death, an undivided one-half interest in my farm, known as the Green Farm, with all improvements thereon, in Henderson County, Kentucky, which now consists of about 2200 acres, together with all additional tracts of land adjoining said Green Farm which I may hereafter acquire; also an undivided one-half interest in the *livestock, machinery, crops and personal property,* except one-half of the mineral and oil rights which shall remain a part of my estate and pass under the residuary clause of this will. The remaining undivided one-half interest in the above land and improvements and the remaining undivided one-half interest in said *livestock, machinery, crops and personal property,* except one-half of the mineral and oil rights which shall remain a part of my estate and pass under the residuary clause of this will, I give, devise and bequeath to my friend, Frank T. Street, my present manager, should he be in my employ at the time of my death. * * * I also give and grant to the said Frank T. Street, should he be in my employ at the time of my death, the option and right for a period of five (5) years from my death, to purchase at the price of Fifty Thousand ($50,000.00) Dollars, the one-half undivided interest in the *lands, improvements and personal property* devised to my niece, Lucy Barret Gant Hoge, in this Item."

Shortly after the death of the testator appellee exercised the option and paid appellant the $50,000 provided for in the will, which she accepted without prejudice to her rights in this action. The sole question is whether or not, upon the exercise of the option, appellee was entitled to appellant's one-half interest in the *livestock, machinery, and crops* on this farm. It is to be noted that in bequeathing the property to appellant under Item 4, the testator used the words, "livestock, machinery, crops, and personal property." The optional right given appellee was to purchase for $50,000 "the lands, improvements and personal property." It is appellant's

contention the term "personal property" so used did not include livestock, machinery or crops.

The Chancellor sustained a motion to strike from appellant's petition allegations of the property values at the time of the testator's death. These show the appraised or fair value of the farm with improvements was $187,745.00, livestock $51,547.00, machinery about $18,000.00, and crops $64,587.00. Other personal property consisting of stock tanks, feeders, harness, dairy utensils and the like was listed at $7,917.00. The value of appellant's one-half interest in the various properties at the time of the testator's death was approximately as follows: farm and improvements, $93,000.00; livestock, machinery, and crops, $67,000.00; other personal property, $4,000.00.

Appellee argues there is no ambiguity in the will, and therefore it is neither necessary nor proper to consider extraneous evidence. Appellant takes the same position, but insists that if there is uncertainty the above facts may be resorted to.

For the moment we shall confine our analysis strictly to the wording of Item 4 in the will. The testator bequeathed to appellant and appellee, in addition to the farm and improvements, a one-half interest in four categories of property, namely: (1) livestock, (2) machinery, (3) crops, and (4) personal property. Identical language specifying the different types is used twice in this Item, and the same language was used by the testator in bequeathing her the "Benson" Farm and its incidents under Item 3 of the will. The testator did not use such language as "personal property, *including* livestock, machinery, and crops" or "livestock, machinery, crops, and *other* personal property." It is manifest he considered these kinds of property as distinct. When he granted appellee the option to purchase, he very materially changed the language. He omitted livestock, machinery, and crops, and included only the "personal property devised * * *in this Item."* (Our italics.)

In view of the most specific provisions in this will, we cannot attribute the alteration of expression to carelessness or sloppy draftsmanship. We cannot say the testator did not understand what he was doing, or that he intended the general category of "personal proper-

ty'' to include the three classifications which he separately detailed in the preceding part of this paragraph. It appears the omission of these items of property theretofore specifically mentioned was done intentionally, with the obvious purpose of excluding them from the optional privilege granted appellee.

If the above construction is doubtful, the changed language in the latter part of this paragraph creates an uncertainty or ambiguity with regard to the inclusiveness of the term ''personal property.'' It was pointed out in Ward et al. v. Curry's Ex'r. et al., 297 Ky. 420, 180 S. W. 2d 305, that the terms ''personal estate'' or ''personal property'' are ambiguous, and may be used to designate a particular class of such species of property. This ambiguity arises where other language in the will indicates it was used in some limited sense. We could, of course, spend days discussing whether or not such ambiguity is patent or latent. It is unnecessary to do so since we have consistently held that improper wording or arrangement which leaves a doubt as to the intent of the testator justifies the introduction of circumstantial evidence to clarify the meaning of the words used. Johnson et al. v. Foley et al., 302 Ky. 848, 196 S. W. 2d 733. See also Cummings v. Nunn, 290 Ky. 609, 162 S. W. 2d 213.

The evidence of values shows that the livestock, crops and machinery were very substantial items on this farm. Appellee argues that it makes no difference whether the property optioned had a value of a million dollars or one dollar, but we think differently. An option signifies a choice, and a choice usually connotes two or more alternatives which have some semblance of equivalency. Should appellee's interpretation of the will be adopted, he may purchase for $50,000 property with an appraised value (apparently conservative) of $164,-000. This is like giving a person the right to buy three dollars for one dollar. Such an opportunity scarcely rises to the dignity of an ''option.''

In addition, it is common knowledge that crops and livestock are normally turned over on an annual basis, and their values might vary widely from one particular time of the year to another. Since this ''option'' could be exercised any time within five years, appellee could

elect a time when this property was most valuable. He might allow appellant to share the expenses during one year in raising crops and fattening up livestock, and when they were at their peak value, could step in and acquire them for the fixed price. The testator had great faith in appellee, but the will does not indicate he intended him to have such an unusual advantage. Appellee was a stranger to the blood of the testator, whereas, appellant was his own niece. It does not appear the testator intended to so generously favor the stranger over his relative.

We are of the opinion the testator, by the language used, intended to exclude the livestock, crops and machinery from appellee's optional right, and if the meaning of the will is uncertain, the evidence as to values clearly compels the same conclusion. This decision and opinion shall not be construed as determining any other question except the proper construction of Item 4 of the will.

For the reasons stated, the judgment is reversed for proceedings consistent herewith.