## Myers et al. v. Davis et al.

November 18, 1949.

Dysard & Dysard for appellants.

R. D. Davis and John Vigor for appellees.

CLAY, COMMISSIONER—Affirming.

This is a declaratory judgment action seeking the construction of a will and the rights of the Trustee in handling a charitable bequest. The heirs at law claim the fund on the ground that the charitable purpose failed. The Chancellor adjudged that it could be carried out as proposed by the Trustee.

Item 5 of the will of Charles F. Weaver, executed as a codicil in 1932, provides as follows (our italics):

"*Fifth:* All the remainder of the said trust estate, I direct my said Trustee to use and expend as a fund *for the construction or maintenance of a Library Building or Public Library* in and for the City of Ashland, Boyd County, Kentucky, *as a memorial* to Daniel Le-Ferve Weaver, Arjyra Davis Weaver, Charles F. Weaver, Belle Coles Weaver, Elizabeth Weaver Myers, Hettie Ann Weaver, Maggie Rhodes Weaver, and Jerrie Arjyra Weaver, and to this end I empower my said Trustee to sell, convert, invest or reinvest, manage, control the said fund in such manner as may to him seem best, fitting and proper for the discreet and careful management of said estate in order to effect the aforesaid purpose with power to convey and transfer by all proper instruments any and all real estate in the same manner as I myself might do were I living, *for the sole and only purpose of the construction or maintenance of the aforesaid library.*

"It is my desire that the affairs of the said *Library* be conducted by a Board or Association appointed for that purpose from among the public spirited citizens of Ashland, but that my Trustee have charge of the said trust fund for the *purpose of this library* until such time as he may elect to turn the same, or any part thereof, over to the said Library Board or Association * * *."

At the time this codicil was executed the testator was a member of a voluntary organization interested in the establishment of a public library in Ashland. In 1936, about three years after his death, a public library building had been constructed by the Works Progress Administration. The assets of the old association, to which the testator had belonged, were transferred to the new library. The Trustee under the will now proposes to transfer to the Board of Trustees of the Ashland Public Library the residue of the estate coming into his hands under Item 5 of the will, above quoted.

Appellants contend that such proposed action cannot properly be taken by the Trustee because it is contrary to the intention of the testator expressed in the will. The argument is made that Mr. Weaver created this trust for the purpose of having constructed or maintained a library structure of brick and stone which would serve as a permanent physical memorial to his relatives named in the will. It is pointed out that in

his original will the testator had provided for a contribution to the support of a library should any be in existence at the time of his death, but by his codicil he withdrew this provision and, therefore, did not intend to contribute to an already established library. Appellants go further and insist that the well recognized "cy pres" doctrine is not accepted in its broadest sense in Kentucky, and argue that courts will not substitute for the testator a new purpose where the original one has failed.

The "cy pres" doctrine has been accepted and followed in this State. See Citizens Fidelity Bank & Trust Company v. Isaac W. Bernheim Foundation, 305 Ky. 802, 205 S. W. 2d 1003. It has not been extended, however, to the point of authorizing a court to supply a beneficiary or a purpose not expressed by the testator. See Gill's Executor v. Woman's Club of Louisville et al., 205 Ky. 731, 266 S. W. 378; and Kentucky Children's Home, Lyndon, Ky., et al. v. Woods et al., 289 Ky. 20, 157 S. W. 2d 473. These are in effect the implied limitations placed on the doctrine by KRS 381.260.

The real issue before us is: Will the transfer of the trust funds to the Board of Trustees of the Ashland Public Library carry out the expressed charitable purpose of the testator? A reading of the will and a consideration of other facts alleged convinces us that the testator had a vital interest in the establishment and maintenance of a public library in Ashland. At the time he wrote the codicil a building was in contemplation. Though he apparently thought his contribution would insure the construction of such building, he very carefully provided an alternate use of the trust fund. He declared that the trust could be devoted not only to the construction or maintenance of a building, but the "maintenance" of a "public library." This is a rather broad purpose, the objective being the support of an *institution*, not just a structure. It is true that he wished this contribution to be a memorial for his relatives, but we are unable to find, as stated by appellants, that this was his "consuming passion."

Appellants argue the proposed plan cannot be carried out in conformity with the will because the Court would be unable to control the action of the Trustee or

474

the Library Board so as to prevent the use of this trust fund for a purpose contrary to that expressed. We are unconvinced. The funds to be transferred to the Board of Trustees must be used ''according to the terms of the gift'' by express provision of KRS 173.390. The judgment in this action specifically provides that it ''may be redocketed for instructions'' in the event questions arise concerning the use of the funds for the purposes expressed in the will. It is our opinion that the proposed disposition of this fund clearly carries out the declared objective of the testator.

For the reasons stated, the judgment is affirmed.