Betty L. SMITH and John J. Avent, Co–Executors of the Estate of Jean Gebhardt, Appellants,

v.

Marvin SNOW, Maxine Bruner, Karen Isbell, and Yvonne Morris, Appellees.

No. 2001–CA–001887–MR.

Court of Appeals of Kentucky.

Nov. 15, 2002.

Jay McShurley Somerset, KY, for appellants.

Robert L. Bertram, Bertram & Wilson, Jamestown, KY, for appellees.

Before: GUDGEL [1], JOHNSON, and McANULTY, Judges.

## OPINION

McANULTY, Judge:

The Russell Circuit Court entered summary judgment in this case in favor of appellees, Marvin Snow, Maxine Bruner, Karen Isbell, and Yvonne Morris. The court found that the residuary bequest in the holographic will of Jean Gebhardt to establish a foundation failed because it did not identify the purposes of the devise or the beneficiaries with sufficient clarity. Appellants, Betty L. Smith and John J. Avent, are executors of the estate of Jean Gebhardt and appeal this decision. We affirm.

The residuary clause in Jean Gebhardt's will stated as follows:

### Sixth

I hereby direct the Co-executors of my estate to set up a private of [sic] operating foundation, to be known as the "Jean Gebhardt Foundation," and to transfer all remaining assets of my estate in to [sic] such foundation. I further appoint the following individuals to serve as directors or trustees of the afore mentioned [sic] "foundation."

John Avent

Betty L. Smith

Fred York

I further direct the directors or trustees of the Jean Gebhardt Foundation to make qualifying distribution directly for the active conduct of [illegible] exempt activities equal to at least 85% of the lessor [sic] of its adjusted net income or its minimum investment income. The directors or trustees shall be entitled to

receive reasonable compensation for those services rendered to the foundation.

Appellees below challenged the residuary clause on the basis that it was incomplete and failed to establish the beneficiaries of the bequest and the purpose to be accomplished by any distributions. The court concluded that the residuary devise failed under KRS 381.260(2) to identify its purposes or the beneficiaries of the funds to be distributed by the Jean Gebhardt Foundation. The court found that the operation of the Jean Gebhardt Foundation was not limited to exclusively charitable purposes by the vague language contained in the will. The court agreed that appellees were entitled to judgment as a matter of law.

Summary judgment is authorized "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. The proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor. *Steelvest, Inc. v. Scansteel Service Center, Inc.,* Ky., 807 S.W.2d 476, 480 (1991), *citing Paintsville Hosp. Co. v. Rose,* Ky., 683 S.W.2d 255 (1985). Summary judgment is only proper where the movant shows that the adverse party could not prevail under any circumstances. *Id.*

■ Appellants make several arguments to support their assertion that summary judgment was incorrectly granted.

---

1. Judge Gudgel concurred in this opinion prior to his retirement effective November 1, 2002.

First, appellants argue that the trial court erred in the statutory language it relied upon. The trial court examined KRS 381.260(2) in finding that the bequest did not point out with reasonable certainty the purposes of the charity and beneficiaries thereof. Appellant asserts that the court should have employed section (1) of KRS 381.260 which states:

> Every grant, conveyance, legacy, bequest, devise, gift, appointment, assignment and transfer of property, whenever made and in whatever form, shall be valid (a) if made to any corporation, association, trust, foundation, or similar organization or entity, created or formed for and devoted solely to charitable, religious, scientific, literary, educational, humane, benevolent or like purposes or, (b) except as otherwise provided by statute, if it is made for any charitable or humane purpose and if it points out with reasonable certainty the purposes of the charity and the beneficiaries thereof.

Appellant argues that under section (1) it was not necessary that Jean Gebhardt name the purposes of the charity and the beneficiaries since she created a foundation.

We do not agree that this validates the bequest. We cannot conclude from the language of the will that the Jean Gebhardt Foundation was "created or formed for" one of the purposes named in the statute. In this case, the purposes of the Jean Gebhardt Foundation are as unknown as the purposes of the bequest and the intended beneficiaries under the terms of the will. As Ms. Gebhardt did not set up the foundation for a known purpose, it does not cure the bequest to use subsection (1) of KRS 381.260. The trial court correctly found that appellants' argument was a case of "the tail wagging the dog." Moreover, appellants' assertion that hundreds of foundations have been established in Kentucky and would be threatened by the decision in the instant case is baseless. Most foundations will have been established with a governing purpose, unlike the foundation in the bequest at issue.

Next, appellants argue that they established that the Internal Revenue Service determined that the devise created a tax exempt organization under Section 501(c)(3) of the Internal Revenue Code and that it established a private foundation under Section 509(a). Appellants believe this established a valid charitable bequest. We find this argument inapposite. The trial court correctly noted that there are a number of ways in which a distribution may qualify as a tax exempt organization under the Code.[2] The trial court found from the residuary clause that "even if the illegible phrase is interpreted as indicating 'tax exempt activities' (which is a considerable leap of faith, as the illegible word appears to contain only two letters), a tax exempt activity is not necessarily the same as a *charitable* activity." The Internal Revenue Code cannot supply a purpose for the foundation where the testator did not.

---

**2.** Organizations which shall be exempt from taxation under this section include: "Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes, or to foster national or international amateur sports competition (but only if no part of its activities involve the provision of athletic facilities or equipment), or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation (except as otherwise provided in subsection (h)), and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of (or in opposition to) any candidate for public office." I.R.C. § 501(c)(3).

We agree that there are a number of purposes for which a Section 501(c)(3) tax exempt organization may exist, and so this designation means nothing in terms of validating the bequest under KRS 381.260.

■ Next, appellant argues that summary judgment runs counter to the state's policy of encouraging charitable gifting and the application of the cy pres doctrine. While we agree that the state encourages charitable gifting, as we have seen it is unknown whether the testator intended this bequest to be for charitable purposes. Moreover, the cy pres doctrine holds that where the objects of the charity and the mode of its application are pointed out, but not with sufficient distinctness or certainty to be specifically and accurately enforced, the court will give it effect as near the general intent as may be. *Citizens Fidelity Bank & Trust Co. v. Isaac W. Bernheim Found.*, 305 Ky. 802, 205 S.W.2d 1003 (1947). The "cy pres" doctrine has been accepted and followed in this state but has not been extended to authorizing a court to supply a beneficiary or a purpose not expressed by the testator. *Myers v. Davis*, 311 Ky. 471, 224 S.W.2d 690 (1949). The trial court correctly determined that the bequest could not be carried out in this case without supplying a purpose and beneficiaries. Therefore, the cy pres doctrine has no application here.

■ Additionally, appellants argue that the trial court ignored an opinion letter appellants submitted from an attorney who specializes in estate law who found the bequest in this case was valid. We believe the trial court correctly was not persuaded by this document. The attorney's opinion asserts that the bequest was valid because the Internal Revenue Service certified the bequest as a charitable organization and the trustees of the Jean Gebhardt Foundation decided to give only to those charities otherwise named in Jean Gebhardt's will.

This enables them to assert that giving to these entities certainly would not be contrary to the desires of the testator. We might have been inclined to agree if it had been made clear in the will that Jean Gebhardt intended the Jean Gebhardt Foundation to be a charitable foundation. However, there was no indication that she intended money from the foundation to be dispensed for these charitable purposes, or for any charitable purpose at all. Under these circumstances, it is inappropriate for the Internal Revenue Service and the trustees to supply a purpose and beneficiaries that the testator did not. We agree with the trial court that this amounts to designating a power of attorney to make a will, which is not permitted in this Commonwealth. *Spalding v. St. Joseph's Industrial School for Boys*, 107 Ky. 382, 54 S.W. 200 (1899).

For the foregoing reasons, we affirm the order of the Russell Circuit Court which granted summary judgment in favor of appellees.

ALL CONCUR.